Garfield *v.* Kirk.

## GARFIELD *vs.* KIRK.

Since the Code, the fee bill is not the measure of an attorney's services.  He must prove them, as before the Code, when they were not rendered in a suit.

To entitle an attorney to recover for professional services rendered to his client, he is not required to swear to each notice drawn and served, and how much it was worth.  It is enough for him to prove, in general terms, the proceedings in a cause, the time occupied in the performance of any part of the services by which their value was enhanced, and the value of the whole, or in detail, as he may elect.

In such an action, the value of the plaintiff's services may be proved by the opinions of attorneys, founded partly on their personal knowledge of the services, and partly upon the testimony of the plaintiff and others personally acquainted with them.

In an action by an attorney against his client, to recover for his services, the value of the property involved in a litigation is a legitimate subject of proof.

The plaintiff, in such an action, gave evidence on the trial, tending to prove that a part of his services were rendered under a special contract.  He disclaimed an intention to rely on such a contract, and upon the defendant's motion, the evidence in relation to it was stricken out.  *Held* that the defendant could not, upon appeal, insist that striking out such evidence did not correct the error committed in receiving it, and that, by reason of it, the judgment should be reversed.

An instruction by the court in its charge to the jury to disregard evidence, on the trial, is equivalent to striking out.  And when it appears that notwithstanding such an instruction, or when evidence is stricken out on motion it appears that it may have operated upon the minds of the jury, the verdict ought to be set aside.  To hold that it must be made to appear that it did influence the jury would be, in many cases, to require an impossibilty.  The presumption should be that the jury acted only upon the legal evidence submitted to them, and not upon that which they have been told not to regard, or which has been stricken from the case.

In an action by an attorney against his client, to recover compensation for his services, the plaintiff, being examined as a witness, was asked what he charged the defendant for his services in a particular suit.  He answered:

Garfield *v.* Kirk.

"$50, which was reasonable." *Held* that this was only another way of asking the witness' opinion as to the value of the service in that case, and the evidence was therefore competent.

After a witness for the plaintiff, in such an action had given evidence tending to show that a certain action which the plaintiff had defended for the present defendant was a difficult as well as an important one, and that the defendant's success in it was largely owing to the professional skill.and ability of the plaintiff, he was asked, on cross-examination: "If you should assume that the defendant had a good defence to the action, which any lawyer of fair education and abilities could have prevailed in, you would then estimate his services much less, would you not?" This question was objected to, and the objection sustained. · *Held* that the question called for the opinion of the witness, upon the theory that the services were, what the defendant claimed them to be, neither difficult nor extraordinary; and that the defendant was entitled to have it answered.

A witness was asked, on cross-examination, by the defendant, "Suppose there was a perfect and clear defence to" a suit specified, "and the plaintiff, for the sake of peace, should bring about a settlement; what would his services be worth?" This question, being objected to, was rejected. *Held* that for the reasons assigned for holding the preceding question competent, this was, also. And that, excluding it on cross-examination was applying an exceedingly rigid rule.

Where a plaintiff claims to recover for his services in making a search as to title, it is competent for him to prove—for the purpose of meeting the objection that the search would have been made for a much smaller sum by the county clerk—that at the time the search was made, there was no person in the clerk's office competent to make such a search.

Great latitude should be allowed on cross-examination. It is the test of truth, and unless the matters proposed to be proved are clearly incompetent, the evidence should be received.

Exceptions to findings of fact are not authorized, nor even contemplated, by the Code. The exceptions must be to the conclusions of law, only.

A PPEAL, by the defendant, from a judgment entered upon the report of a refereee.

*By the Court,* MULLIN, P. J. This action was brought by the plaintiff, an attorney and counsellor of this court, to recover for services rendered for the defendant as such.

The defences were: 1. A general denial; 2. Payment for the said services; and, 3. A counter-claim for money

paid, property sold and delivered to the plaintiff, and money lent and advanced.

The issues were referred to a referee, who ordered judgment in favor of the plaintiff for $3,337.68. From that judgment the defendant appeals.

There are a great number of exceptions taken by the defendant to the reception and rejection of evidence, many of which are frivolous, and the others may be classified and briefly disposed of.

On. the trial, the plaintiff introduced himself, and called several other witnesses, to prove the value of the services for which the action was brought. The plaintiff testified to his retainer by the defendant; the actions which he brought or defended for him; the nature of the services; and the time expended. He was then inquired of what his services in each case were worth. The evidence was objected to by the defendant's counsel; the objection was overruled, and the defendant's counsel excepted.

If I understand the ground of objection, it is that the witness should have been required to state the particular things done by him in each case, and the value of each; the number of folios in pleadings drawn by him; and the number of days employed in making searches, in trying causes, &c.; and that it was not competent to give an estimate of all the services rendered in a suit.

Before the Code, an attorney could recover of his client, for services in an action, only the sums allowed by the fee bill established by the legislature, by which the compensation was allowed for the various proceedings in a cause. (*McFarland* v. *Crary,* 8 *Cowen,* 253. *Brady* v. *City of New York,* 1 *Sandf.* 583, 584.) The client had the right to require the attorney to have his bill taxed by a taxing officer, and when taxed, the amount was not open to contestation. When, however, the services were not in actions, the attorney was bound

Garfield *v.* Kirk.

to prove the particular service rendered, and the value thereof.

Since the Code, the fee bill is not the measure of the value of an attorney's services. He must prove them, as before the Code, when they were not rendered in a suit. (*Code*, § 303. *Stow* v. *Hamlin*, 11 *How.* 452.) To entitle the plaintiff to recover, he was not required to swear to each notice drawn and served, and how much it was worth. Such a rule would lead to endless prolixity on the trial of actions for such services. And it is doubtful whether it would not be the most expensive mode, to the defendant, of getting at the value. The defendant, on cross-examination, can satisfy himself as to the details of the service, if he desires, but it cannot be that the plaintiff is obliged to enter into such detail. It is enough for him to prove, in general terms, the proceedings in the cause, the time occupied in the performance of any part of the services by which their value was enhanced, and the value of the whole, or in detail, as he may elect.

Another class of objections is to the admissibility of attorneys, who were called to give their opinions as to the value of the plaintiff's services, founded partly on their personal knowledge of the services, and partly upon the testimony of the plaintiff and others who were personally acquainted with them.

The ground of the objection, as I understand it, is that the value of the services cannot be proved by the opinions of witnesses, nor by persons not personally acquainted with them. This objection applies as well to the plaintiff's evidence as to that of the experts called by him.

In *Beekman* v. *Platner*, (15 *Barb.* 550,) this precise point was decided. It was there held that the testimony of an attorney at law, who has heard the services of a party described by other witnesses, is admissi-

ble, in respect to such services. (*Lewis* v. *Trickey*, 20 *Barb.* 387.)

Another class of objections is to the competency of evidence of the value of the land which was involved in the litigation carried on by the plaintiff, for the defendant. It requires no greater labor to draw a complaint or answer, or to render any other specific service, in a case in which the amount involved is $1,000,000, than in one in which it is $100. And yet, every lawyer knows that the labor bestowed upon a case is, as a general rule, in proportion to the magnitude of the interest involved. While the labor in drawing a pleading may be no more, when the amount involved is large, than when it is small, yet the labor in the examination of authorities and documents preliminary to drawing it, and the care bestowed upon the pleading itself, would be much greater in one case than in the other. This extra care and labor must be compensated ; and it may be measured with some degree of accuracy by the amount involved in the suit. The attorney who does the labor can estimate, himself, the value of his extra labor, but there is no way another lawyer can acquire the means of estimating the value of the services, better than by being informed of the magnitude of the interests involved. It is true an attorney may be negligent in the management of the most important cases, and seek to obtain a measure of compensation he has not earned. This is not the general rule. The client, when sued by an attorney who has not conducted his case energetically and skillfully, can generally expose him, and limit his recovery to a fair and just compensation.

The value of the property involved in a litigation is a legitimate subject of proof, in an action by the attorney, for his services, against his client.

What was said by the defendant to Gott, in relation to the importance of the plaintiff's services in the suit relating to the land, was competent. It was in no just

sense a privileged communication. It was offered and received to show the defendant's estimate of the plaintiff's services, and for this purpose was clearly competent.

The plaintiff gave evidence tending to prove that part of his services were rendered under a special contract. The plaintiff disclaimed an intention to rely on such a contract, and upon the defendant's motion the evidence in relation to it was stricken out. The defendant's counsel now insists that striking it out did not correct the error made in receiving it, and that by reason of it the judgment should be reversed ; and he cites *Erben* v. *Lorillard*, (19 *N. Y.* 299.)

The trial in that case was by a jury ; and greater care is required to guard a jury against acting upon the impression that illegal evidence makes upon their minds, than when the trial is before a judge or referee. It would lead to great expense and loss of time should it be held that a judge or referee could not disregard illegal evidence which had been admitted, and that in every such case another trial must be had, in order that it may be got rid of. But the case cited does not go this length. Even when the trial is before a jury, if it is made to appear that the illegal evidence had no influence in producing the verdict, the instruction to disregard it, will cure the error.

With all deference, I think the rule, as thus modified, will prove to be unfortunate in practice. The instruction by the court, in its charge, to disregard evidence on the trial, is equivalent to striking out; and if such an instruction does not strike out, then it follows that illegal evidence cannot be got rid of, when once received, and the court, on discovering the error, must commence the trial anew, or let it go on, with the knowledge that the verdict will be set aside, either by the court itself or on appeal. Such a result cannot have been contemplated.

When it appears that notwithstanding the instruction

to disregard the evidence, or when it is stricken out on motion it appears that it may have operated upon the minds of the jury, the verdict ought to be set aside. To hold that it must be made to appear that it did influence the jury would be, in many cases, to require an impossibility. The presumption should be that the jury acted only upon the legal evidence submitted to them, and not upon that which they have been told not to regard, or which has been stricken from the case.

The plaintiff was asked what he charged the defendant for services in the suit of Ruger against the defendant. The defendant objected to the question, and the objection was overruled. The reply was, "$50, which was reasonable." This was only another way of asking the witness' opinion as to the value of the service in that case, and was therefore competent.

The following question was put to the witness Gott, "If you should assume that Mr. Kirk had a good defence to the action, which any lawyer of fair education and abilities could have prevailed in, you would then estimate his services much less, would you not?" This was objected to by the plaintiff's counsel, and the objection was sustained.

This question was put on cross-examination, to a witness who had given evidence tending to show that the equity case which the plaintiff defended was a difficult as well as an important one, and that the defendant's success in it was largely owing to the professional skill and ability of the plaintiff. Whether that suit was of that character, or on the contrary was a very simple one, and the defendant's rights so clear that no extraordinary ability was required, to protect and enforce his rights, was a question to be determined by the referee, and upon its determination depended the amount to be allowed to the plaintiff for his services in that case. The question called for the opinion of the witness, upon the theory that the services were, what the defendant claimed

them to be, neither difficult nor extraordinary; and I cannot resist the conclusion that he was entitled to it. If he was not permitted to give an estimate of the value of the services as he claimed them to be, and as we are to assume he would try to prove them to be, he would be deprived, practically, of a part of his defence.

The witness, Gray, was asked the following question, viz: "Suppose there was a perfect and clear defence to this [the King] suit, and the plaintiff, for the sake of peace, should bring about a settlement; what would his services be worth?" This question was objected to, and it was rejected. For the reasons assigned for holding the preceding question competent, it seems to me this was, also. Excluding it on cross-examination was applying an exceedingly rigid rule, which would deprive a party of a large share of the benefit of a cross-examination.

Among other services for which the plaintiff sought to recover, was one for a search of title to lands in dispute, and in which search a good deal of time was charged for. For two searches, $300 were charged. The plaintiff, to meet, I suppose, an argument that might be successfully urged against so large a charge, that the search would have been made for a much smaller sum by the county clerk, asked the witness Collins, who had made the searches for the plaintiff, whether he knew, at the time they were made, there was no person in the clerk's office competent to make such a search. The question was objected to, the objection was overruled, and the witness answered, there was not.

If there was no person connected with the clerk's office competent to make a search as to the title, it was indispensable that some other person who was competent should be employed, and if employed, he would be entitled to a suitable compensation. The evidence was competent.

I have noticed all the exceptions of the defendant that

Garfield *v.* Kirk.

seem to me entitled to consideration; and I think they were rightly disposed of, except the two heretofore considered, arising on the cross-examination of the plaintiff's witnesses. In regard to them, I think the referee erred, and for the error, a new trial must be granted.

It is by no means certain that the defendant was injured by the rejection of the evidence called for by the questions that were held to be incompetent; but it is impossible for us to say he may not have been. Great latitude should be allowed on cross-examination. It is the test of truth, and unless the matters proposed to be proved are clearly incompetent, the evidence should be received.

The defendant's counsel has devoted a large portion of his points in reference to exceptions to the findings of fact by the referee.

By reference to sections 268 and 272 of the Code it will be seen that exceptions to the findings of fact are not authorized, nor even contemplated. The exceptions must be to the conclusions of law, only. Much time and labor would be saved if the practice prescribed in these sections was conformed to.

The judgment is reversed, and a new trial granted; costs to abide the event; and reference vacated.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 3, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]