HIRAM W. VAUGHN, EXECUTOR, ETC., PLAINTIFF, v. JOHN WESTOVER, DEFENDANT.

*Evidence — Interest of witness in event of suit — proof of, on trial — effect of.*

In an action on a promissory note, the payee was called as a witness for defendant, and gave material testimony adverse to the plaintiff. On cross-examination he was asked, "Do you understand that if Judge Westover succeeds in this cause, you will be relieved from this $500 liability? Do you understand that your pecuniary interest will be affected by the result of this suit?" *Held*, that the exclusion by the court of evidence in answer to these questions was error. While interest in the event of a suit will not now absolutely disqualify a witness, it may be shown on his cross-examination with a view to test his credibility.

EXCEPTIONS ordered to be heard in the first instance at General Term. The court below dismissed the plaintiff's complaint. The action was brought to recover the amount due on a promissory note for $500, made by John Westover to Charles H. Strever, and by the latter transferred to the plaintiff. The defense set up was, that the note was usurious. On the trial Charles H. Strever was called as a witness by defendant, and testified to some facts material to the case and adverse to the plaintiff. On his cross-examination he was asked, "Do you understand that if Judge Westover succeeds in this cause, you will be relieved from this $500 liability? Do you understand that your pecuniary interests will be affected by the result of this suit?" The questions were objected to by the defendant, and the objection was sustained, to which plaintiff excepted. The court dismissed the plaintiff's complaint, and

ordered that the exceptions be heard in the first instance at the General Term.

*Henry Smith*, for the plaintiff.

*Mayham & Krum*, for the defendant.

BOCKES, J.:

The witness Strever was called and examined by the defendant. He gave material testimony, the tendency of which was adverse to the plaintiff. Thereupon, on his cross-examination, he was interrogated as follows:

"Do you understand that if Judge Westover succeeds in this cause, you will be relieved from this $500 liability? Do you understand that your pecuniary interests will be affected by the result of this suit?" These questions were severally objected to by the defendant's counsel, and were excluded by the court. To such ruling the plaintiff's counsel excepted. I am of the opinion that such rulings by the learned judge were erroneous. While interest in the event of the suit, will not now absolutely disqualify a witness, it may be shown on his cross-examination, with a view to test his credibility. If pecuniarily interested in the result, his statements are brought under more careful and rigid examination; hence it is always competent, on cross-examination, to inquire of the witness, whether he is not interested to support the cause of action or defense which his testimony tends to maintain. So it is said in Cowen & Hill's Notes, that "the witness's state of mind and interest in respect to the party are always pertinent inquiries, for they go to his credit;" and further, that after his interest is released, "his credit is still open to inquiry upon the very point touched by the release, and he is to be judged by the jury." The entire subject is covered by Mr. Greenleaf in a single sentence. He says, by means of the cross-examination, "the situation of the witness with respect to the parties, and to the subject of litigation, his interest, his motives, his inclination and prejudices, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he has used those means, his powers of discernment, memory and description, are all fully investigated and ascertained, and submitted to the consideration of the jury, before

whom he has testified, and who have thus had an opportunity of observing his demeanor, and of determining the just weight and value of his testimony." * Now the witness may be cross-examined as to any fact bearing on these various matters, with a view to affect his credibility. Therefore he may be interrogated as to his interest in the event of the suit.† And in accordance with the rule above recognized, it is competent to inquire how the witness understands the case as regards his interest. His understanding in that regard, is the basis of supposed partiality and bias, which may color his statements, if not induce falsehood. A cross-examination is of little value, unless open to questions which will disclose the standing of the witness in regard to the subject-matter of the litigation. So it should be liberally indulged, with a view to a full disclosure of the influences under which the witness testifies. The exclusion of the questions propounded to the witness Strever, was, as I think, manifestly erroneous.

I am also of the opinion that a case was made for the jury on the evidence. The question should have been submitted to the jury, whether or not there was an exchange of notes between Strove and the defendant. If there was such exchange in good faith, and with no intent to avoid the statute, there was no usury. ‡ There was a question for the jury, whether there was such exchange of notes, or whether the note taken by the defendant was accepted as security only. The facts connected with the prosecution of the latter note by the defendant, and his attempted enforcement of it, considered with the circumstance that Strever and the defendant, who alone spoke to the transactions attending the exchange, were interested in the event of the suit, made it a case for the consideration of the jury.

There must be a new trial; the costs to abide the event.

MILLER, P. J., and BOARDMAN, J., concurred.

New trial ordered, costs to abide event.

* 1 Greenleaf's Ev., sec. 446.

† The following cases bear more or less directly on this subject : 5 Denio, 106; 1 id., 524; 6 N. Y., 345 ; 37 id., 143, 146; 38 id., 196; 23 How., 306 ; 16 Mass., 185; 65 Barb., 464; 63 id., 311–320.

‡ 10 N. Y., 198.