VAUGHN, appellant, v. WESTOVER.

*Witness — interest of, in result of action, may be inquired into.*

A witness was, on cross-examination, interrogated as to his interest in the result of the trial. *Held,* that such questions were proper. Although interest does not now disqualify a witness, it may be shown on cross-examination with a view to test his credibility. It is also competent to inquire how the witness understands the case as regards his interest.

APPEAL from a judgment dismissing the complaint in an action tried at the circuit. The action was brought in Schoharie county, by James Vaughn, against John Westover, upon a promissory note. During the pendency of the action, James Vaughn died, and Hiram W. Vaughn, the executor, under his last will and testament, was substituted in his place. The only facts of material importance appear in the opinion.

*Henry Smith,* for appellant.

*Mayham & Krum,* for respondent.

BOCKES, J. The witness Stever was called and examined by the defendant. He gave material testimony, the tendency of which was adverse to the plaintiff. Thereupon, on his cross-examination, he was interrogated as follows: "Do you understand that if Judge Westover succeeds in this cause, you will be relieved from this $500 liability? Do you understand that your pecuniary interests will be affected by the result of this suit?" These questions were severally objected to by the defendant's counsel and were excluded by the court. To such ruling the plaintiff's counsel excepted. I am of the opinion that such rulings by the learned judge were erroneous. While interest in the event of the suit will not now absolutely disqualify a witness, it may be shown on his cross-examination with a view to test his credibility. If pecuniarily interested in the result, his statements are brought under more careful and rigid examination; hence, it is always competent on cross-examination to inquire of the witness whether he is not interested, to support the cause of action or defense which his testimony tends to maintain. So it is said in Cowen and Hill's notes, that "the witness' state of mind and interest in respect to the party are always pertinent inquiries, for they

go to his credit;" and, further, that after his interest is released, his credit is still open to inquiry upon the very point touched by the release, and he is to be judged by the jury." The entire subject is covered by Mr. Greenleaf in a single sentence. He says, by means of the cross-examination, "the situation of the witness with respect to the parties, and to the subject of litigation, his interest, his motives, his inclination and prejudices, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he has used those means, his powers of discernment, memory and description, are all fully investigated and ascertained, and submitted to the consideration of the jury, before whom he has testified, and who have thus had an opportunity of observing his demeanor, and of determining the just weight and value of his testimony." 1 Greenl. on Ev., § 446. Now, the witness may be cross-examined as to any fact bearing on these various matters, with a view to affect his credibility. Therefore, he may be interrogated as to his interest in the event of the suit. The following cases bear more or less directly on this subject: *Starks* v. *People,* 5 Denio, 106; *People* v. *Cunningham,* 1 id. 524; *Newton* v. *Harris,* 6 N. Y. 345; *Wells* v. *Kelsey,* 37 id. 143, 146; *McCabe* v. *Brayton,* 38 id. 196; *People* v. *Albright,* 23 How. 306; *Turner* v. *Austin,* 16 Mass. 185; *Garfield* v. *Kirk,* 65 Barb. 464; *Knight* v. *Forward,* 63 id. 311–320.

And in accordance with the rule above recognized, it is competent to inquire how the witness understands the case as regards his interest. His understanding in that regard is the basis of supposed partiality and bias which may color his statements, if not induce falsehood. A cross-examination is of little value, unless open to questions which will disclose the standing of the witness in regard to the subject-matter of the litigation. So it should be liberally indulged with a view to a full disclosure of the influences under which the witness testifies. The exclusion of the questions propounded to the witness, Stever, was, as I think, manifestly erroneous.

I am also of the opinion that a case was made for the jury on the evidence. The question should have been submitted to the jury, whether or not there was an exchange of notes between Stever and the defendant. If there was such exchange in good faith and with no intent to avoid the statute, there was no usury. *Cobb* v. *Titus,* 10 N. Y. 198.

There was a question for the jury, whether there was such exchange of notes, or whether the note taken by the defendant was accepted as security only.  The facts connected with the prosecution of the latter note by the defendant, and his attempted enforcement of it, considered with the circumstance that Stever and the defendant, who alone spoke to the transactions attending the exchange, were interested in the event of the suit, made it a case for the consideration of the jury.

There must be a new trial, the costs to abide the event.

*New trial ordered.*