**42**    JACOBSON *v.* SILBERSTEIN.

First Department, May, 1920.     [Vol. 192.

LOUIS JACOBSON, Respondent, *v.* MEYER SILBERSTEIN, Appellant.

First Department, May 14, 1920.

Witnesses — latitude on cross-examination — sales — issue as to contract price — evidence — cost of goods subsequently resold — self-serving declarations.

Where there is a narrow and close issue on the question of veracity between the defendant and the plaintiff and his witnesses, considerable latitude should be allowed on cross-examination.

Where the sole issue was as to the contract price of goods sold it was error to refuse to allow the defendant to cross-examine an employee of the plaintiff who negotiated the sale as to the difficulty in disposing of the goods prior to their negotiations with the defendant, and as to whether the goods were of the usual length and the price paid therefor by the plaintiff, and as to whether the employee was limited as to the price at which he was to sell.

Although the price paid by the plaintiff would not ordinarily be relevant it became so where the witness had previously been allowed to testify on direct examination that the price paid for the goods by the plaintiff was in excess of the contract price claimed by the defendant.

Writings which contain self-serving declarations are properly excluded.

APPEAL by the defendant, Meyer Silberstein, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of December, 1919, upon the verdict of a jury; also from an order entered in said clerk's office on the 3d day of December, 1919, denying defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 24th day of December, 1919, denying defendant's motion to amend the judgment.

*Henry C. Burnstine* of counsel [*Burnstine & Geist,* attorneys], for the appellant.

*Horace G. Marks* of counsel [*Samuel Kahan,* attorney], for the respondent.

GREENBAUM, J.:

The sole issue presented in this case is whether the price fixed for the cotton drills contracted for was twenty-two and one-half cents or seventeen and one-half cents a yard. The

jury found in favor of the plaintiff's contention, and the case reaches us on defendant's exceptions to the exclusion of questions propounded on cross-examination of plaintiff's witnesses and to the admission and exclusion of correspondence.

In view of the narrow and very close issue in the case, which presented a question of veracity between plaintiff and his employee Kaplan, who negotiated the contract for him, on the one hand, and defendant on the other hand, this is peculiarly a case where considerable latitude should have been allowed on cross-examination. (*Levant American Com. Co., Inc., v. Wells & Co., Inc.*, 186 App. Div. 497, 500; *Garfield v. Kirk*, 65 Barb. 464, 472.) Defendant's counsel was prevented, however, from cross-examining the witness Kaplan on matters pertaining to plaintiff's asserted difficulty and efforts in disposing of the goods prior to the negotiations with defendant; the question whether the goods were of the usual length per piece; the price paid by plaintiff for the material, and whether the salesman's authority was limited as to the price at which he was to sell the goods.

The first two lines of inquiry were obviously relevant as to the question of whether it was probable that the plaintiff assented to the lower price as claimed by defendant. The question of the price paid by plaintiff for the goods, although ordinarily not relevant because going to a collateral issue, became relevant in this case by reason of the fact that the witness had previously been allowed to testify, without objection, on direct examination that the price which the plaintiff had paid for the goods was nineteen cents, a sum in excess of seventeen and one-half cents which defendant claims was the contract price.

The fact that plaintiff testified on direct examination that his salesman did not have authority to sell at any price he wanted to, shows the importance of the question as to Kaplan's authority to sell under the price originally given him by his employer.

Defendant also objected to the exclusion of his " Exhibit C for Identification." This, however, was obviously a self-serving declaration and was properly excluded. Defendant's objection to the admission of plaintiff's Exhibit " 3 " is, however, sound. That letter was written in answer to defendant's

Exhibit "A," which was received without objection, and matter contained in it in reply to that letter was properly admissible to the extent of the first paragraph thereof. The last two paragraphs of plaintiff's letter, however, were self-serving and merely argumentative, having no connection with defendant's letter, and should have been excised.

The judgment and orders appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Judgment and orders reversed and new trial ordered, with costs to appellant to abide event.