## Case No. 11,204.

### The PLANET.

[1 Spr. 11; 4 Law Rep. 353.] [1]

District Court, D. Massachusetts. Nov., 1841.

ADMIRALTY—SUIT FOR WAGES—SETTLEMENT—COSTS.

During the pendency of a suit for wages by a seaman, the libellant, without the knowledge of his proctor, settled his claim, receiving only the wages due. The proctor was allowed to proceed for and to recover costs.

[Cited in Angell v. Bennett, Case No. 387; Collins v. Nickerson, Id. 3,016; Purcell v. Lincoln, Id. 11,471; The Ontonagon, 19 Fed. 800.]

The libellant, a boy of about nineteen years of age, shipped at St. John, N. B., his native place, for a voyage described in the articles as being from St. John to the West Indies, thence to Sydney, and thence to St. John. Instead of returning to St. John, however, the vessel came to Boston. On arriving here the boy demanded his discharge and wages; both which were refused him. The master also refused to give up his clothes. He then applied to the British consul, who refused to aid him, and told him he would be arrested as a deserter. (This was owing to a set of articles, different from those signed by the boy, and which included Boston in the voyage, having been left at the consul's office.) In this situation he applied to a proctor, who commenced admiralty process. As soon as the process was served, the master and agents sent for the boy, and without consulting or notifying the proctor paid him his wages and took a receipt in full, but paid him nothing for costs. It appeared that the boy told them that he should have little left from his wages, after paying his costs. The question for the court was, whether process should continue against the vessel for costs. The respondents produced the libellant's receipt in full, in defence.

C. C. Nutter, for respondents, offered, in defence, the receipt in full of the seaman, and the testimony of the agent who paid him, that at the time of settlement the boy agreed to pay all the costs which had accrued; and it was contended, that, since no evidence appeared to impeach the fairness of the compromise, or to show that any advantage was taken of the seaman, the claimants were not liable for the costs.

R. H. Dana, Jr., for libellant.

SPRAGUE, District Judge. The proctor is an officer of the court, and the practice in admiralty has been to allow him to proceed for costs, when there is reason to believe the seaman has been designedly induced to settle, after service of process, without his proctor's knowledge. The seaman is under a disadvantage in dealing with the other party, especially as to costs and matters of law, and is entitled to the aid of his proctor. In this case the libellant, being a minor, was peculiarly under the protection of the court. He had been brought on a voyage, contrary to his agreement, to a place in which he was an entire stranger; denied his legal right to a discharge and to his wages; and on applying to the consul, his proper protector, had been refused all aid (through a misapprehension on the consul's part), and as a last resort had applied to a lawyer. He was, then, clearly entitled to his costs as well as to his wages; and obliging him to pay his own costs was, in effect, deducting so much from his wages. There may be cases of settlements made with seamen, without consulting their proctors, which will stand; but in this case there seems to be good reason for allowing the proctor to proceed for his costs, notwithstanding the settlement with his client. Decree for costs.

See Collins v. Nickerson [Case No. 3,016].