# SUPREME COURT.

## WILLIAM S. STOW agt. HUBBARD HAMLIN and others, overseers of the poor, &c.

Where there is no express agreement as to compensation, an *attorney*, in order to recover against his client, must now prove generally what services he has rendered, and what they are reasonably worth.

*Implied* agreements between attorney and client, stand upon the same footing with the like agreements between other parties.

In the absence of any express agreement, evidence that an attorney has been employed by his client, on an appeal, without showing any value or further services, does not entitle him to any compensation.

*Seventh Judicial District, Sept.* 1855.

SELDEN, JOHNSON, and T. R. STRONG, *Justices.*

APPEAL from judgment of county court of Wayne county.

The action was commenced in a justice's court to recover the value of services rendered by the plaintiff for the defendants as attorney. The plaintiff, as attorney, had tried several suits for the defendants in justices' courts, which services had all been settled and paid for at the price stipulated, except $5 for one suit. Several of these judgments had been appealed from to the county court, and the plaintiff proved, on the trial before the justice, that he was employed to take charge of the appeals in that court; but did not prove that his services were of any value, or that he had rendered any services under such employment. The suits were settled by the parties after the appeals.

The justice allowed the plaintiff nothing in the appeals, and gave him judgment for the $5 only. The county court reversed the judgment of the justice, on the ground that the plaintiff was entitled to recover something for his retainer in the suits appealed; and that it was the duty of the justice to fix and determine the value, in the absence of all proof on the subject of value.

W. S. STOW, *in person.*

H. V. HOWLAND, *for defendants.*

By the court—JOHNSON, Justice. The plaintiff recovered before the justice for all the services proved to have been actually rendered and not paid for.

The only question therefore is, whether he was entitled to recover anything upon proof merely, that he was retained in the suits appealed to the county court, without proof of any agreement in regard to compensation, or any services in fact rendered. The fee-bill is abolished, and the measure of the compensation of an attorney or counsel is to be governed by the express or implied agreement between him and his client. Implied agreements between attorney and client stand upon the same footing with the like agreements between other parties.

Evidence that a person was employed to render service, does not prove that the service stipulated for has been rendered. The party claiming compensation must go further, and show the extent of his performance and its value. The law will not presume, from mere proof of the undertaking, that the party has performed any valuable service under it. It is urged by the plaintiff, that in the absence of an express agreement, the court or jury should allow to the attorney what the statute gives to a party as his compensation. But no such agreement can be implied in behalf of an attorney or counsellor. The statute gives certain sums to the prevailing party only, for his compensation; and if such were the rule, the attorney of a defeated party could recover nothing on an implied agreement. Where there is no express agreement as to compensation, the

attorney, in order to recover against his client, must now prove generally what services he has rendered, and what they are reasonably worth.

Judgment of the county court reversed, and that of justices' affirmed.