ADOLPH PEARL *v.* ROBITCHEK & TAUSSING.

A judgment debtor, who, in good faith and with no intention to defraud the plaintiff's attorney of his costs, settles the judgment, is entitled to have the judgment satisfied of record, notwithstanding the judgment creditor may not have paid his attorney's costs.

APPEAL from an order at special term. In August, 1865, plaintiff obtained a judgment against the defendants for $500 damages, and $88.87 costs. The defendants paid the plaintiff $175, on the express understanding and agreement between them, that the plaintiff was to pay out of said sum his own attorney's costs, and satisfy the judgment. It did not appear that plaintiff's attorney had notified defendants, of the non-payment of his costs, nor that there was a collusion between the plaintiff and defendants to cheat the attorney of his costs.

The defendants moved for an order that the judgment be satisfied of record, which was granted by the court on the authority of *Ackerman* v. *Ackerman*, (14 Abbott Pr. R. 229).

The plaintiff appealed from the order.

*F. C. Cantine*, for appellant.

I. The only question considered by the court, at special term, was, whether the attorney's lien for his costs and disbursements had survived the settlement between the plaintiff and defendants. *Ackerman* v. *Ackerman* (14 Abbott, 229), was a motion to set aside an execution issued by the attorney to collect his *counsel fees*, after he had received from his client the *costs and disbursements* in the action, and the judgment had been satisfied of record. It was held, at general term, that the execution was not regularly issued, as the judgment was satisfied of record; that the *costs* having been paid, the attorney could have no lien upon the judgment for *counsel fees*, until the amount of such fees were definitely ascertained. The question, therefore, whether notice was essential to the creation of a lien

in favor of the attorney for the *costs* and disbursements in the action, was not involved in the case.

II. The attorney's lien upon the judgment extends to a sum equivalent to the amount of the costs and disbursements in the action, and is perfect without any notice to the judgment debtor, beyond that furnished by the record (*Haight* v. *Holcomb*, 16 Howard Pr. 173 ; *McGregor* v. *Comstock*, 28 N. Y. R. 238.  See, also, *Hall* v. *Ayer*, 9 Abbott, 220; *Keenan* v. *Dorflinger*, 19 Howard, 153 ; *Shackleton* v. *Hart*, 20 Id. 39 ; *Fox* v. *Fox*, 24 Id. 409 ; *Richardson* v. *Brooklyn City &c. R. R. Co.* 24 How. 321 ; *Rooney* v. *Second Ave. R. R. Co.* 18 N. Y. R. 368 ; *Ward* v. *Wordsworth & Lyme*, 1 E. D. Smith, 598, and 9 Howard, 16).

III. Imposing upon attorneys the necessity of giving notice in order to secure a lien for their costs, would occasion them great inconvenience, and destroy all friendly and confidential intercourse between them and their clients.  Whatever inconvenience may arise in the settlement of judgments should be put upon the judgment debtor.

*Charles Wehle*, for respondents.


By the Court—Daly, F. J.—The question raised in this case was considered and passed upon in *Ackerman* v. *Ackerman*, (14 Abb. 229), and, although the point was not essential to the decision of that case, it was not a new one.  It was expressly held by Lord Mansfield, in *Welsh* v. *Hole* (1 Doug. 238), that a defendant may pay the whole debt and cost to the plaintiff, without the privity of his attorney, where there has been no notice from the attorney not to do so, express or implied.  That was a case in which the payment was made, as in this case, after a judgment was entered up for the damages and costs, and the rule for the defendant to show cause, why he should not pay to the plaintiff's attorney his bill of costs, was discharged.  It was also held in *Chapman* v. *Haw* (1 Taunt. 341), that, where there was no fraudulent conspiracy to cheat the attorney, the plaintiff had a right to settle the suit with the defendant, without consulting his attorney, and take upon him-

self the payment of the costs of his attorney; and the attorney, after being notified of the settlement of the suit by the plaintiff, having issued an execution, the court set the execution aside. It has frequently been decided by this court—and, before the Code, was always understood to be the law in this State—that a defendant might settle with the plaintiff, either before or after judgment, without the intervention of the plaintiff's attorney, unless he had information of the attorney's lien, or was notified by the attorney not to pay unless his claim for his costs was satisfied (Graham's Practice, 61, 2d ed.; *Ten Broeck* v. *De Witt,* 10 Wend. 617; *St. John* v. *Diefendorf,* 12 Id. 261), and there is nothing in the Code to change the law in this respect. Where it is apparent that the suit has been collusively settled, with the manifest design, both on the part of the plaintiff and the defendant, to evade or get rid of the attorney's costs, the court will interfere to prevent the defendant from getting rid of the judgment (*Mitchell* v. *Oldfield,* 4 T. R. 123, 124). Such may have been the intention of the plaintiff in this case, but there is not enough to warrant the legal conclusion that that was also the intent of the defendants, or which would entitle us to say that the settlement, on his part, was not made in good faith. The order appealed from should therefore be affirmed.