DANIEL P. MARSHALL, Appellant, *v.* HENRY T. MEECH et al., Respondents.

An attorney has a lien upon a judgment recovered by him for any sum agreed upon between him and his client as a compensation for his services, as well as for the costs in the judgment, and, to the amount of such lien, is to be deemed an equitable assignee. When the recovery is solely for costs, the judgment itself is legal notice of the lien, and this lien cannot be discharged by payment to any one but the attorney.

But when the judgment is for damages and costs it is not notice of the lien, even for the taxed costs, and such lien can be protected only by notice to the judgment debtor. (EARL, C., dissenting.)

The finding of a referee, to whom is referred disputed questions of fact arising upon a motion, is not conclusive upon the court. It is but to inform the conscience of the court, and may be adopted or disregarded.

(Submitted May 11, 1872; decided September term, 1872.)

APPEAL from order of the General Term of the Superior Court of the city of Buffalo, affirming an order of the Special Term denying a motion made by H. C. Day, the attorney of record for the plaintiff, for an order of the court setting aside or vacating the satisfaction of the judgment in the action to the extent of his interest as attorney in the judgment, and for leave to issue execution on the judgment for that amount.

H. C. Day, the attorney, is the present appellant, and the defendants are the respondents. The material facts are as follows:

Marshall, the plaintiff, had a claim against the defendants, and in March, 1859, made an arrangement with Day, the appellant, that if he would " sue and collect" the claim without costs to him, Marshall, he would allow him one-half thereof.

In pursuance of this arrangement Day sued the defendants, and in May, 1859, recovered a judgment against them for $1,033.84 damages and $86.03 costs, and in the same year instituted various measures to collect the same. He failed to collect, and took no further proceedings until February, 1866, when he issued an *alias* execution. He soon thereafter learned, for the first time, that in May, 1863, the plaintiff had satisfied the judgment. It appears that the defendants were insolvent at the time the judgment was rendered, and remained so until after the satisfaction of the judgment. The defendants, in making a compromise with their creditors in 1863, paid the plaintiff, in full satisfaction of the judgment, $250. It does not appear that this compromise was effected with any design to defraud Day.

Day's motion was founded upon his affidavit, and was opposed by affidavits made by the defendants and the plaintiff. Day, in his affidavit, alleged that, in 1859, he informed H. T. Meech, one of the defendants, that he owned one-half of the judgment. This H. T Meech denied in his affidavit, and the court at Special Term appointed a referee to inquire and report to the court whether either of the defendants had

notice of Day's interest in the judgment. This matter was heard before the referee, and he reported the evidence taken by him to the court with his finding, that it was true that H. T. Meech had the alleged notice, and this finding appears to have been based upon the evidence of Day, which was substantially contradicted by that of H. T. Meech. H. T. Meech was the surety merely for his son, Henry L., upon the obligation upon which the judgment was obtained. Marshall, in his affidavit, swore that he was responsible and able to pay any just or legal claim which his attorney, Day, had against him for services rendered for him in the action.

*H. C. Day* for the appellant. As between the parties to a judgment and the attorney, the latter is the assignee of the judgment to the extent of his costs. (*Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y., 368; *Read* v. *Dupper*, 6 Term R., 361; *Ely* v. *Cooke*, 28 N. Y., 365, 372; *McGregor* v. *Comstock*, 28 id., 237; *Haight* v. *Holcomb*, 16 How. Pr., 173; *Fox, Ex'r, etc.*, v. *Fox*, 24 How. Pr. R., 409.) If, after notice from the attorney, the debtor pays he does so at his peril. (*Field* v. *Mayor, etc., N. Y.*, 2 Seld., 179; *Hall* v. *City of Buffalo*, 1 Keyes, 193.)

*Delavan F. Clark* for the respondents. Day has no lien at law that would enable him to control the judgment or the plaintiff in the action. (*Barker* v. *St. Quentin*, 12 M. & W., 441; *Wright* v. *Cobleigh*, 21 N. H., 339; *Foote* v. *Lathrop*, 41 N. Y., 361.) Marshall had a right to release defendants from the judgment without regard to Day. (*Satterlee* v. *Jones*, 3 Duer, 117.)

EARL, C. The appellant made the motion to set aside the satisfaction of the judgment in this action to the extent of his interest therein as attorney for plaintiff, and also for leave to issue execution on the judgment to collect his interest therein. The motion was denied at the Special Term, and the order of the Special Term was affirmed at General Term.

No opinion was written at either term, and we are, therefore, without the precise grounds upon which the relief was denied.

It has long been settled that an attorney has a lien for his costs and compensation upon the judgment recovered by him. (*Ward* v. *Syme*, 9 How. Pr. R., 16; *Haight* v. *Holcomb*, 16 id., 173; *Fox* v. *Fox*, 26 id., 409; *Read* v. *Dupper*, 6 T. R., 361; *Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y., 368; *Ely* v. *Cooke*, 28 id., 365; *McGregor* v. *Comstock*, 28 id., 237.) Such a lien existed before the Code, and is not affected by any provision of the Code. The lien exists not only to the extent of the costs entered in the judgment, but for any sum which the client agreed his attorney should have as a compensation for his services. To the amount of such lien, the attorney is to be deemed an equitable assignee of the judgment. To the extent of the taxed costs entered in the judgment, the judgment itself is legal notice of the lien, and this lien cannot be discharged by payment to any one but the attorney. The judgment debtor pays these costs to the party at his peril. But if the attorney claims compensation beyond the taxed costs, under some agreement with his client, express or implied, his lien for such compensation can be protected against payment to the client only by notice to the judgment debtor.

Here there was no dispute as to the amount of the compensation. The attorney was to have one-half of the amount received. The only controversy upon the motion was as to notice to the defendants. In the affidavits, notice was alleged upon the one side and denied upon the other, and the court at Special Term referred the question of notice to a referee. The referee, after hearing the parties orally, and the same conflict appearing before him which appeared in the affidavits, found that the notice had been given as alleged by the attorney, and reported his finding with the evidence to the court. This reference was merely to inform the conscience of the court. The finding of the referee did not conclude it. It could adopt and act upon it or could disregard it, and draw

its own conclusions from the evidence. The affidavits, the evidence taken by the referee and the finding of the referee, were all before the court, and it was still a question of dispute and conflict, and as such it comes before us. The courts below probably held that the notice was not satisfactorily shown, and I see no reason for disturbing this conclusion.

No error was, therefore, committed in denying the motion, so far as relates to all the claim of the attorney beyond the taxed bill of costs. But I see no answer to the motion to the extent of the taxed costs. As to them, the attorney's lien and the legal notice to the defendants were perfect. But my brethren differ with me as to the taxed costs. They hold, that when the judgment, as in this case, is for both costs and damages, it is not of itself notice of the lien of the attorney for the taxed costs, and that it furnishes such notice only in case it is recovered solely, for costs.

The order must, therefore, be affirmed with costs.

All concur.

Order affirmed.