EMMA F. WRIGHT, Respondent, *against* GEORGE P. WRIGHT, Appellant.

(Decided February 5th, 1877.)

Notice to the defendant's attorney of the existence of a lien of the plaintiff's attorney upon such judgment as may be recovered in the action is not notice to the defendant, and will consequently not protect the plaintiff's attorney in case a settlement is made by the parties to the action without providing for his lien.

APPEAL by the defendant from an order made at special term of the Court of Common Pleas by Judge JOSEPH F. DALY, setting aside a satisfaction of judgment and ordering a reference to ascertain the amount of the lien of plaintiff's attorney for costs.

---

* Affirmed by the Court of Appeals in 71 N. Y. 502.

Mr. Thain, the attorney for Emma F. Wright, the plaintiff, on being applied to for an extension of time to answer, indorsed upon the extension a condition, that "no settlement be made without providing for the lien of plaintiff's attorney, of which notice is hereby given." Upon receipt of the extension with this condition, defendant's attorneys returned it and at the same time served their answer. Plaintiff recovered judgment and afterwards settled with defendant without providing for the lien of plaintiff's attorney.

*Foster & Thomson*, for appellant.

*Alexander Thain*, for respondent.

VAN HOESEN, J.—This court decided, in *Pearl* v. *Robit-schek* (2 Daly, 138), that a judgment debtor, who, in good faith, and with no intention to defraud the plaintiff's attorney of his costs, settles the judgment, is entitled to have the judgment record satisfied of record, notwithstanding the judgment creditor may not have paid his attorney's costs. To prevent a judgment debtor from paying both costs and damages to the judgment creditor, notice to him not to make such payment is indispensable. The notice may be either express or implied. In this case, no notice of any kind was ever given to the defendant. A sort of notice was given to his attorneys, for when they applied to Mr. Thain, the plaintiff's attorney, for an extension of the time to answer, he added to the proposed consent a written notice that no settlement could be made without providing for his lien as plaintiff's attorney in the action. That notice was returned by the defendant's attorneys to Mr. Thain without his being aware of its contents. There is no question, therefore, of the *bona fides* of the defendant in settling with the plaintiff; and the single point of inquiry is, Whether notice to the defendant's attorney of the existence of the plaintiff's attorney's lien is to be regarded as notice to the defendant. Rule 10 of the old Supreme Court provided that when an attorney has given notice of retainer, *all papers*

*in the course of the cause* must be served upon him or his agent (Graham's Pr. 711). Section 417 of the Code provides that where a party shall have an attorney the service of papers shall be made upon the attorney, instead of the party. The papers referred to in the Code are, I think, papers in the course of the cause ; papers pertaining to the proceedings of the court. A judgment debtor who settles with the judgment creditor after notice of the attorney's lien is justly deemed guilty of an attempt to defraud the attorney. In order to expose the party to such a liability, notice of the existence of the lien ought to be brought home to him personally. His position is not unlike that of a person against whom an injunction has been granted ; he must be made aware that an injunction has been issued before he can be punished for its violation. In this case, it appears affirmatively that the defendant himself never had notice of the lien, and it would be inequitable to compel him to pay the judgment, or a large portion of it, a second time.

VAN BRUNT, J., concurred.

Order reversed, with ten dollars costs and disbursements.