By the Court.—Curtis, Ch, J.
—The principal question is as to the value of the -defendant’s professional services. There is some variance of opinion in the case on this point. The statement furnished by the defendant before the commencement of this action, showing a balance due him of $26.18, differs from the bill of particulars he presented after the action was commenced. In the latter he showed a balance of $839.18 in his favor. There was also conflicting testimony as to the value of the defendant’s services, and as to whether he had, in some of the matters for which he charged, been retained by the plaintiff.
The principle that now controls the recovery by an attorney for professional services in an action against his client, in the absence of an express agreement, is that he is simply entitled to what they are reasonably worth (Stow v. Hamlin, 11 How. Pr. 452; Garfield v. Kirk, 65 Barb. 464).
With this view of the law, the referee appears to have determined the value of the defendant’s services, *128 and his findings are supported by evidence. When there is conflicting testimony as to the value, and as to whose retainer they were rendered on, as in the present case, there must be strong reasons to induce the court at general term to set aside the report upon questions of fact. He had the witnesses before him, and had ampler means of judging of their reliability and knowledge, than the appellate court can have by a perusal of their testimony.
No sufficient reasons are shown for setting aside the referee’s report.
The judgment appealed from should be affirmed with costs.
Sanford and Freedman, JJ., concurred.