“Curtis, C. J.
The plaintiff recovered a judgment, August 31, 1876, for $278.80. The defendant appealed to the general term. The judgment included plaintiff’s taxed costs, $160.80, and $50 agreed by the plaintiff, to be paid to his attorney. The plaintiff and the. defendant’s attorneys entered into an arrangement by which the judgment was paid and satisfied October 17, 1876, without the knowledge of the plaintiff’s attorney. The latter, upon discovering it, issued an execution on the judgment, requiring the sheriff to levy the amount of his costs and counsel fee. The defendant now moves to vacate this levy and execution, and the attorney claims that his client, the plaintiff, is pecuniarily *194 irresponsible, and that the parties entered into the arrangement in order to defraud him of his costs, and with knowledge of his lien.
“ There is no substantial proof impeaching the good faith of the satisfaction of the judgment, and it does not appear that the plaintiff’s attorney took the precaution to protect his lien for costs by serving a notice of it upon the judgment debtor. The lien and the right to enforce it are controverted on the part of the defendant.
“In Rooney v. Second Avenue Railroad Co. (18 N. Y. 868) the somewhat divergent views expressed in reference to the effect of the Code upon the lien of an attorney upon the judgment recovered by him, are considered, and the conclusion is arrived at, that such lien is not abolished, and is not measured by the actual costs, but covers any portion of the damages which may have been stipulated for the compensation of the attorney’s services. This court early took this position and refused to set aside an execution issued by the plaintiff’s attorneys to collect the costs, on which they had a lien by judgment, when the plaintiff and defendant, without their knowledge, had settled the litigation and satisfied the judgment. Oakley, C. J. (all the rest of the judges concurring), stated that it was the determination of the court to sustain the lien of the attorney, and that, where his right to the costs was established, the court would protect it so far as it could, because, however the matter might be technically, the costs were in reality his property. It was further held that an attorney had no lien for his costs, until a judgment was entered, or at least not until after verdict, and that until the lien attaches, the parties can settle the suit regardless of his claim for costs. But after the attorney’s' right to costs is fixed by a verdict or judgment, then the parties are no longer at *195 liberty to settle, disregarding his interests in the matter (Sweet v. Bartlett, 4 Sandf. 681).
“In the case of Ward v. Syne (9 How. Pr. 18) it was also held by the general term of the court of common pleas (Judges Daly and Woodruff concurring), that the Code did not affect the attorney’s lien for his services.
“ In Ackerman v. Ackerman (14 Abb. Pr. 229) the general term of the court of common pleas held that although the lien of the attorney for costs was one which the court would enforce, yet payment by a judgment debtor to a judgment creditor of the judgment, was valid against the lien of the attorney, unless the debtor had notice of the attorney’s claim by way of lien to a portion of such judgment.
“ It was also held that although an execution could be issued upon a judgment which had been satisfied, yet that if the satisfaction was voidable for any cause, it must be vacated by the court before execution could be issued.
“In Bishop v. Garcia(14 Abb. Pr. N. S. 72), the principle was concurred in, that if an attorney desires to protect his lien for costs and expenses against the settlement of a judgment, he must give notice of the lien to the judgment debtor.
“In Sweet v. Bartlett (supra) the defendants do not appear to have raised the objection that they had not been notified of the attorney’s lien for costs, and the effect of such an omission on the part of the plaintiff is not considered; but as that arises in the present case, it would seem a more just and equitable rule that the plaintiff’s attorney should, before attempting to enforce his lien, be required to give such notice, and that it would be better to apply to the court, before he issues Ms execution, for an order to vacate the satisfaction of the judgment.
“In Marshall v. Meeks (51 N. Y. 140). these, views *196 as to an. attorney’s lien for his costs are confirmed, and it was held that where the judgment was for costs solely, it was in itself a legal notice of the lien, which could be discharged only by payment to the attorney, and by a divided court, it was held, that where the judgment issues for both damages and costs, such lien could only be protected by notifying the judgment debtor. This mode of protecting this lien by such notice is recognized in Pulver v. Harris (52 N. Y. 73), and in Lesher v. Egidus (3 Hun, 217).
Culver, Bertram & Phillbrook, plaintiff’s attorneys, and appellant in propria personæ, and H. B. Phillbrook, of counsel, urged:
I. The attorney for party recovering a judgment is assignee of the judgment to the extent of costs, and also his fee, if agreed upon, and courts will always protect his rights (5 Bosanquet & Pulner, 99; 10 Wend. 617; 15 Johns. 405; 4 Sandf. 661; 40 N. Y. 580; 12 Abb. Pr. 325; 7 Id. 210; 16 How. 173; 1 Id. 94; 8 Hun, 136; 4 Cow. 416; 9 How. 460; 1 Sprague, 11, 126, U. S. Dist. Ct.; 10 Wall. 483, U. S. Supreme Ct; Rooney v. Second Avenue R. R. Co., 18 N. Y. 368).
The attorney being assignee of the judgment to the extent of costs and fees, whoever has knowledge of his interest has sufficient notice (4 Barb. 47; 12 Johns. 343 : 1 Johns. Cas. 51; 10 Wend. 617; 6 How. 161; 3 Id. 386).
Butler, Stillman & Hubbard, attorneys, and of *197 counsel, for the defendant and respondent, urged:—I. An execution cannot be issued upon a judgment which has been satisfied by the filing of a certificate as prescribed by the Revised Statutes. If the satisfaction is voidable for any cause, it must be vacated by the court before execution can be issued (Ackerman v. Ackerman, 14 Abb. Pr. 229, and cases cited; Foote v. Dillaye, 65 Barb. 521; Booth v. Farmers & Mechanics’ Bank, 4 Lans. 307; 3 Rev. Stat. 6 ed. 620, §§ 22, 24). 1. After satisfaction of record, there is no judgment upon which an execution .can issue. Since the adoption of the Revised Statutes, the. satisfaction is a part of the record of the court, and operates to extinguish the judgment (Booth v. Farmers & Mechanics’ Bank, supra). 2. The lien of an attorney is only an equitable lien, the proceeds not being in his hands. His remedy in the ürst instance is to move the court to vacate the satisfaction-piece (Ackerman v. Ackerman, supra; Ward v. Wordsworth, 1 E. D. Smith, 598; Rooney v. Second Avenue R. R. Co., 18 N. Y. 368; Pearl v. Robitchek, 2 Daly, 138; McDowell v. Second Avenue R. R. Co., 4 Bosw. 670; Bishop v. Garcia, 14 Abb. Pr. N. S. 69, 72). The case of Sweet v. Bartlett, (4 Sandf. 661), relied upon by appellant, was decided before the practice was settled; if it has the effect claimed by the appellant, it has been substantially overruled by the court of appeals; it does not appear that in that case the judgment was satisfied of record, nor that this question was argued at all; and in that case there was positive evidence or fraud (See opinion of Curtis, Ch. J., in this case; Marshall v. Meeks, 51 N. Y. 140; Pulver v. Harris, 53 Id. 73; Lesher v. Roessner, 3 Hun, 217).
*196 “It is with reluctance I feel constrained by the weight of the later authorities to set aside an execution issued in accordance with what might seem to be the settled practice of this court, as expressed in Sweet v. Bartlett (supra).
“ The execution and levy sought to be set aside on the part of the defendants must be vacated, but without costs.” ,
*197 II. There was no fraud in the settlement. This has been established in this court, and until that adjudication is reversed, the decision is conclusive. 1. Ho notice of any lien was ever given. The authorities are *198 conclusive upon the point that such notice is absolutely necessary in order to defeat a settlement (See cases cited supra). The fact that a judgment is partly for costs and partly for damages does not constitute notice, either actual or implied (Marshall v. Meeks, 51 N. Y. 140).
By the Court.—Freedman, J.
Before the Code, costs were taxed under the name of attorney’s and solicitor’s fees, and the taxable costs formed the measure of the compensation of the attorney or solicitor. By the Code all statutes establishing or regulating the costs or fees of attorneys, solicitors and counsel in civil actions, and all rules and provisions of law restricting or controlling the right of a party to agree with an attorney or counsel for his compensation, are repealed, and the measure of such compensation is left to the agreement, express or implied, of the parties.
At the same time, the Code allows certain costs to the party as an indemnity for his expenses in the action.
The lien of the attorney upon the judgment he recovers is not affected by the change, because such lien did not arise from any fee-bill, but was established by a long current of authority.
Such lien, however, is no longer measured by the taxable costs. The compensation to which he is entitled for his services may now be determined as in other professions, namely, either by express contract, or where there is no agreement as to amount, by the value of the services rendered, which means a reasonable value (Stow v, Hamlin, 11 How. Pr. 452 ; Garfield v. Kirk, 65 Barb. 464); and the sum so agreed upon, or said value, may, according to circumstances, exceed or fall below the taxable costs (Rooney v. Second Ave. R. R. Co., 18 N. Y. 370); although, in the absence of an agreement upon. the subject, the sum recovered by *199 a party as an indemnity for Ms expenses are prima facie the measure of the compensation to wMch the attorney is entitled.
It is only when circumstances warrant it that the court, in the absence of an agreement, will allow the attorney better compensation than the bill of costs, as taxed, will afford (Cregier v. Cheesbrough, 25 How. 200).
Whenever there is a lien, it attaches for the entire amount which he is entitled to claim as the measure of his compensation (Rooney v. Second Ave. R. R. Co., 18 N. Y. 368; Ackerman v. Ackerman, 14 Abb. 229 ; Marshall v. Meech, 51 N. Y. 141). But it has been held that such lien does not attach before judgment, or at least not till after verdict (Shank v. Shoemaker, 18 N. Y. 489 ; Sweet v. Bartlett, 4 Sandf. 661).
There is no doubt, however, that in case of collusion or fraudulent design the protection of the court may, even before verdict, be extended to the attorney, so far as to deny to a party the benefit of a proposed discontinuance, or of a supplemental answer showing settlement, except upon the condition of payment of the costs of the action (Dietz v. McCallum, 44 How. Pr. 493, and cases therein cited).
Thus it will be seen that it is the settled policy of the courts to protect the rights of the attorney, so far as it may be done consistently with other rules of law; for, as it was said in Sweet v. Bartlett (4 Sandf. 661), however the matter might be technically, the costs are in reality his property.
But notwithstanding this benevolent disposition exists on the part of the courts, the attorney has no right to rely upon it as against the adverse party to the action. As against him the attorney should protect himself, and in many, if not most cases, this can be done by a notice.
Without notice the adverse party in the action is *200 under no obligation to the attorney not to settle with his client.
True, when the judgment recovered is solely for costs, it is in itself legal notice of the attorney’s lien. But when it is damages and costs, the rule is now held to be otherwise. In such case the judgment is no notice at all, not even as to costs, and actual notice is necessary (Marshall v. Meech, 51 N. Y. 140 ; Pulver v. Harris, 52 Id. 73). And before judgment the full bench of this court has stated the rule to be as follows : “If an attorney has omitted to protect himself by a notice forbidding a settlement without him, and the parties compromise the action before judgment, of which he has notice, he then proceeds in the suit for his costs at the peril of establishing conclusively, that the adverse party had the design, when making the settlement, of defeating his demand for the costs. If he fail in satisfying the court of this, his proceedings, subsequent to notice, will be set aside” (McDowell v. Second Avenue R. R. Co., 4 Bosw. 670).
The result of the foregoing examination is that, as between themselves and their client, plaintiffs attorneys had a lien on the judgment recovered to the extent of $210.80. But how does the case stand as against the defendant 1 The judgment being for damages and costs, it was, under the decision of the court of appeals in Marshall v. Meech, no notice to him for any purpose, nor was any notice of the lien claimed by the attorneys ever served upon him. Besides, in the settlement complained of, they were represented by a Mr. Thompson, who seems to have possessed some apparent authority from them.
But the gravest mistake made by them was committed in issuing an execution upon a judgment that had been regularly satisfied of record,
An execution cannot be issued upon a judgment which has been satisfied by the filing of a certificate as *201 prescribed by 2 R. S. 362, §§ 22, 24. If the satisfaction is voidable for any cause, it must be vacated by the court before execution can be issued. This has been expressly held by the general term of the court of common pleas, and is undoubtedly sound law (Ackerman v. Ackerman, 14 Abb. Pr. 229, and cases cited). The reason is that since the adoption of the Revised Statutes the satisfaction is a part of the record, and operates to extinguish the judgment (Booth v. Farmers’ & Mechanics’ Bank, 4 Lans. 307). This reason applies with two-fold force to the lien of the attorney, which is only an equitable one, as long as the proceeds are not in his hands.
Plaintiff’s attorneys should, therefore, have moved to vacate the satisfaction before issuing execution. Sweet v. Bartlett (4 Scindf. 661) is not an authority for their position. It does not appear that in that case tire judgment was satisfied of record, nor was the question raised so far as the report shows ; but it does appear distinctly that, after the settlement, the attorney obtained an affirmance, procured a remittitur, entered a fresh judgment thereon, and then issued execution upon the latter judgment.
The order should be affirmed with costs to be paid by the appellants personally.
Sanford, J., concurred.