STEPHEN TUNSTALL, Respondent, v. WALTER W. WINTON, Appellant.

*Costs — when they belong to the attorney for the successful party — when they cannot be set off against the general costs awarded to the other party.*

In November, 1882, the defendant moved to have the plaintiff's proceedings stayed because of the non-payment by the plaintiff of certain costs, which had been awarded to the defendant upon the reversal of an order for his arrest. This motion for a stay was denied, and the order denying it was affirmed at the General Term, but reversed by the Court of Appeals on April 24, 1883. On April 5, 1883, the action was tried and a verdict rendered and costs taxed in favor of the plaintiff. Upon the plaintiff's motion an order was made setting off the costs awarded to the defendant on his appeal to the Court of Appeals against an equal amount of the general costs awarded to the plaintiff.

*Held*, that the costs of the successful appeal legally belonged, without any assignment, to the defendant's attorney; that they could not be so set off against the general costs awarded to the plaintiff, and that the order so directing should be reversed. (Brady, J., dissenting.)

Appeal from an order made at a Special Term setting off the sum of $131.67 awarded to the defendant, as the costs of an appeal to the Court of Appeals, against an equal amount of the general costs of the action awarded to the plaintiff upon the trial of the action.

In November, 1882, the defendant moved the court to stay the plaintiff's proceedings in the action because of the non-payment of certain costs which had previously been awarded to the defendant by the Court of Appeals upon reversing an order for his arrest theretofore granted. This motion for a stay was denied and the order denying it was affirmed at the General Term, but reversed in the Court of Appeals on April 24, 1883; such latter order being made the order of the Supreme Court and entered on May 10, 1883. On April 5, 1883, the action was tried and a verdict rendered in favor of the plaintiff for $2,221, and thereafter costs in his favor for $237.66 were, on April twelfth, taxed.

*Benjamin F. Sawyer*, for the appellant.

*E. P. Wilder*, for the respondent.

DANIELS, J. :

The costs directed to be set off were recovered by a decision of the Court of Appeals, reversing an order denying defendant's motion for a stay on account of the failure to pay the costs of another appeal resulting in an order vacating an order of arrest. The costs set off by the order now appealed from amount to the sum of $131.67. They were the costs of a successful appeal from an order, and without any assignment to the defendant's attorney, legally belonged to him. (*Marshall* v. *Meech*, 51 N. Y., 140, 143.) It has been questioned whether even the lien of the attorney is not superior to the right of set off by way of motion (*Davidson* v. *Alfaro*, 16 Hun, 353), although it may not be maintainable against an action. (*Fermenich v. Bovee*, 1 Hun, 532.) But it is not necessary to consider that point; for, as the demand was wholly for costs, it could not lawfully be set off on the plaintiff's motion. Section 779 of the Code, providing for the set off of motion or interlocutory costs, does not sanction the order; for that was designed only to provide for the collection or set off of such costs, by the party entitled to receive them. The remedies provided were wholly for his benefit. If he could not collect such costs, nor tax them as a part of the final costs, then he might secure their satisfaction by way of set off; but he has not insisted upon that remedy, and it was to aid him that this provision was made. Certainly it has provided no authority by which the costs belonging to the attorney can be absorbed by a debt owing from his client. That would be taking the demand due to one person to pay a demand owing by a different person, which would clearly be improper. And that is what the order has done from which the appeal was taken. If, as it was held in *Marshall* v. *Meech*, actual payment to the client will not defeat the right of the attorney to the costs, it seems to follow that he cannot be deprived of the right by a set off directed by an order made on motion.

The order should be reversed and the motion denied.


DAVIS, P. J. :

I concur in the views expressed by my brother DANIELS, and for the reasons assigned by him.

In such cases as this the costs awarded on appeals from orders

have always been regarded as the property of the attorney. His right attaches *eo instanti* upon the award of costs, and that right is not displaced by a subsequent recovery in the action against his client.

The order should be reversed, with costs.

BRADY, J. (dissenting):

This is one of three appeals taken on behalf of defendant, involving the consideration of substantially the same facts, but presented in such manner as to require separate consideration. The defendant obtained his stay of proceedings in due course, the details of which should be stated in the appeal between the same parties decided heretofore, directing the payment of a part of the sum deposited in lieu of an undertaking upon obtaining the order of arrest. The stay had been obtained before the cause was called upon the callendar for trial, and when so called, the defendant answered ready, not only on one but on several calls. It is disputed, as revealed by all the appeals considered together, whether the objection founded upon the stay to the plaintiff's proceeding to trial was interposed before or after the jury was impanneled. The judge presiding at the trial overruled the objection, and it must be assumed that it was done properly, and that the objection came too late. The result of it was, that the stay, if any existed, was waived so far as it affected the right of the plaintiff to proceed to judgment.

It cannot be supposed the Legislature intended by any provision that may be contained in section 779 of the Code of Civil Procedure, to continue a stay therein provided for after judgment, so as to prevent an application to set off costs, the non-payment of which created the stay.

The design of the statute seems to be to secure the payment of interlocutory costs prior to judgment obtained. Of course, the person entitled to those interlocutory costs may waive the right to insist upon them, and thus lose the effect of the stay contemplated, and this may be done either directly or indirectly by waiver. In this case, as already suggested, it seems to have been done by waiver; the defendant having, by his conduct, when the case was called upon the calendar, placed it in the power of the judge to decide that the plaintiff had the right of proceeding.

For these reasons we think the set off was properly allowed and the order appealed from should be affirmed, but without costs to either party.

Order reversed and motion denied, with ten dollars costs and disbursements.