## STEPHEN TUNSTALL, RESPONDENT, *v.* WALTER W. WINTON, APPELLANT.

*Order of arrest — deposit in lieu of the undertaking required by section 559 of the Code of Civil Procedure — right of the defendant to have his costs for vacating the order of arrest paid therefrom before the trial of the action.*

The plaintiff, upon procuring an order for the arrest of the defendant in this action, deposited with the clerk of the court the sum of $250 in place of giving the undertaking required by section 559 of the Code of Civil Procedure. An order denying a motion made by the defendant to vacate the order of arrest was affirmed at the General Term, but reversed by the Court of Appeals where the order of arrest was vacated, with costs.

*Held,* that the defendant was entitled to have the costs so awarded to him paid out of the said fund of $250 without waiting for the trial of the issues in the action.

APPEAL from an order made at a Special Term denying a motion made by the defendant to have the county clerk pay to him certain costs, out of a sum of $250 deposited by the plaintiff with the clerk upon procuring an order for the defendant's arrest.

*B. F. Sawyer*, for the appellant.

*Edward P. Wilder*, for the respondent.

DANIELS, J :

When the order of arrest was procured, the sum of $250 was deposited in lieu of the undertaking required by section 559 of the Code of Civil Procedure. After the defendant's arrest a motion

was made in his behalf to vacate the order. That motion was denied and on appeal by him to the General Term, the order was affirmed, but on a further appeal to the Court of Appeals it was reversed, and the order of arrest was vacated with costs. And it was for the costs recovered and adjusted under this decision that the defendant applied for payment out of the deposit made by the plaintiff.

When the application was made he had become entitled to the payment of these costs, and could not be required to await the determination of the trial of the action before he could insist upon the enforcement of this right. The deposit was liable to and affected by the same contingencies as the undertaking provided for would have been if that had been given. And by such an undertaking the parties subscribing it would become liable to the defendant for the payment of such costs, either in the event of judgment being recovered in his favor, or if it should finally be decided that the plaintiff was not entitled to the order of arrest. The section provided for two different alternatives, in either of which the defendant would become entitled to his costs. The first was that of a judgment in his favor, which would dispose of the action entirely. The other was consistent with the right of the plaintiff to maintain the action, but under circumstances not entitling him to an order of arrest. In either event the obligation matured to pay the defendant his costs in the one case of the action, and in the other, those which should be sustained by him by means of the order of arrest. The latter contingency has been determined in his favor. It was decided unequivocally and finally that the plaintiff was not entitled to the order of arrest, and it followed from that decision that he had become liable to pay to the defendant the costs the latter had sustained by reason of the arrest. And the money deposited in place of the undertaking was specially charged with the obligation of making that payment.

The demand required to be paid consisted wholly of costs, and practically, therefore, belonged to the attorney and counsel who had performed the services which were to be compensated by the costs. (*Marshall* v. *Meech,* 51 N. Y., 140.)

And the plaintiff had no right to claim that such payment should be delayed until the issues made in the action could be tried and

determined. This was an incidental portion of the controversy, not dependent upon the issues, which had been finally decided in the defendant's favor. And as that decision carried costs with it, and they were the costs incurred by him in vacating an unauthorized order of arrest, he was entitled to their immediate payment out of this deposit. The order made should be reversed, together with the usual costs and disbursements, and an order should be entered directing the payment of the costs adjusted in the defendant's favor on vacating the order of arrest out of the moneys deposited in place of the undertaking.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars cost and disbursements, and order entered as directed in opinion.