IN THE MATTER OF JAMES H. BAILEY, RECEIVER, ETC., OF THE PELHAM AND PORTCHESTER RAILROAD COMPANY.

*Costs — a judgment for costs, belongs to the attorney — a receiver who collects it will be compelled to pay over the amount so collected to the attorney.*

An action, brought against a railroad company, was successfully defended by an attorney employed by it and a judgment for the costs was entered in its favor. A receiver of the company, appointed in proceedings supplementary to execution during the pendency of the said action, collected the amount of the judgment for costs.

*Held,* that he was properly required to pay the same over to the attorney who defended the action.

APPEAL from an order made at a Special Term directing the receiver to pay over to Joseph Pool the sum of sixty-nine dollars and thirty-two cents, costs which he had received upon a judgment in favor of the railroad company against Ezra Gildersleeve.

The amount of the judgment had been collected by the receiver, who had been appointed in proceedings supplementary to execution during the pending of the action which was defended by Pool.

*William E. Walkley,* for the receiver, appellant.

*Harwood R. Pool,* for Joseph Pool, respondent.

DANIELS, J.:

Gildersleeve had brought and prosecuted an action against the railroad company, which was defended on its behalf, by Joseph Pool, as its attorney. He was successful in the defense, and the money in controversy was the costs adjusted as the items incurred in the course of that defense. Cases have been brought to the attention of the court sustaining the proposition that a receiver is entitled to collect and receive the debts owing to the corporation, and that its creditors must present their claims to him and receive payment from him, so far as that can be made out of its assets. But these authorities were decided on the rights of creditors having ordinary debts and claims against a corporation. They have no relation whatever to the costs of a successful defense recovered by judgment in the name of the corporation. Such a judgment, consisting

exclusively of costs, is for all ordinary legal purposes the property of the attorney. This was held in *Marshall* v. *Meech* (51 N. Y., 140), where it was said in the opinion that "to the extent of the taxed costs entered in the judgment, the judgment itself is legal notice of the lien, and this lien cannot be discharged by payment to any one but the attorney. The judgment debtor pays these costs to the party at his peril." (Id., 143.) This authority seems to be entirely decisive of this controversy. As between himself and the attorney, the receiver had no right to these costs, and he was very properly ordered to refund them to the attorney.

The order should be affirmed, with ten dollars costs, together with the disbursements.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Order affirmed, with ten dollars costs and disbursements.