ALVIN MARTIN, RESPONDENT, *v.* JAMES M. HODGES AND OTHERS, APPELLANTS.

*Reference ordered to aid the court in deciding a motion pending before it — General Rule No. 30 of the Supreme Court is not applicable — in what cases such a reference should be made — costs of one motion only can be allowed.*

Upon the hearing of a motion made by the defendant to have a judgment, entered against him by default, opened and for leave to answer, the question as to whether or not an answer had been served within twenty days from the service of the complaint being in dispute, the Special Term made an order referring the matter to a referee to take proof as to the time when the complaint was served and to report to the court. The referee having heard the parties and reported in favor of the plaintiff, an order was made by the court confirming the report and allowing the defendant to answer upon the payment of twenty dollars motion costs and twelve dollars disbursements.

*Held*, that a claim that the court had no power to confirm the referee's report for the reason that it had not been filed in the office of the clerk of the county eight days, in accordance with the requirements of General Rule No 30 of the Supreme Court, could not be sustained, as the rule cited had no application to references made for the purpose of aiding the conscience of the court in determining questions pending before it.

That it was not the usual practice to order a reference in such a case, and that the practice should not be followed except in extraordinary cases where the court is unable to determine the facts from the papers read upon the motion.

That the court had no power to allow costs of two motions.

APPEAL from an order of the Erie Special Term, confirming the report of a referee, and granting leave to answer, upon the payment of thirty-two dollars, costs.

*W. H. Hill*, for the appellants.

*Wiltsie & Lewis* for the respondent.

HAIGHT, J.:

The plaintiff entered judgment on default. The defendants moved to have the default opened, and for leave to answer. The moving affidavits were to the effect that the complaint was served on the 10th day of July, 1886, and that the defendants had twenty days thereafter in which to serve their answer, and that on such twentieth day the answer was duly served upon the plaintiff's attorneys. The opposing affidavits were to the effect that the complaint was served on the ninth day of July, and that, consequently, the defendants were in default in not serving their answer within twenty days thereafter. Upon the hearing of the motion, the Special Term made an order referring the matter to E. R. Booty, Esq., to take proof as to the time when the complaint was served and to report to the court. Thereupon the parties appeared before the referee so appointed, who took the evidence submitted by the respective parties and reported the same to the court, together with his opinion to the effect that the complaint was served on the ninth day of July, instead of the tenth of July, as claimed by the appellants. The court thereupon confirmed the referee's report, and made an order allowing the defendants to answer upon payment of twenty dollars, motion costs, and twelve dollars, disbursements. From that order this appeal was taken. It is now contended that the court had no power to confirm the referee's report for the reason that it had not been filed in the office of the clerk of the county eight days in accordance with the requirements of Rule 30.

That rule provides that, " In references, other than for the trial of the issues in an action, or for computing the amount due in foreclosure cases, the testimony of the witnesses shall be signed by them, and the report of the referee shall be filed with the testimony, and a note of the day of the filing shall be entered by the clerk in the proper book, under the title of the cause or proceeding, and the said report shall become absolute and stand, as in all things, confirmed, unless exceptions thereto are filed and served within eight days after service of notice of the filing of the same. If exceptions are filed and served within such time, the same may be brought to a hearing at any Special Term thereafter, on the notice of any party interested therein.

The matter referred in the case under consideration was pending before the Special Term, and the reference ordered was merely

to aid the court in determining the questions involved in the motion. The evidence was returned with the report of the referee. The report of the referee was in nowise binding upon the court, for it had the power to disregard it and draw its own conclusions from the evidence. (*Marshall* v. *Meech*, 51 N. Y., 140.) The report, if filed with the clerk under the provisions of the rule, would stand confirmed if no exceptions were filed after the expiration of eight days. But this would not determine the motion, for it still would be pending before the Special Term, and the court, as we have seen, would not be bound by it. For this reason we conclude that the rule has no application to references made for the purpose of aiding the conscience of the court in determining questions pending before it.

It is contended, on the part of the appellants, that unless exceptions were filed to the report, that they have no opportunity to review the same. That is not the case; an opportunity is given to review the same when the evidence and report are brought before the Special Term, and again by an appeal from an order made by the Special Term thereon. We have examined the evidence taken before the referee and are of the opinion that it sustains the report. It is true that the evidence is conflicting, but this court cannot reverse upon that ground.

The charging of the defendant's thirty-two dollars costs as a condition for answering for a mistake of a single day, doubtless honestly made, is somewhat of a hardship. It is not the usual practice to order a reference in such a case, and we think the practice should not be followed, except in extraordinary cases where the court is unable to determine the facts from the papers read upon the motion. In this case there was but one motion, and that was to vacate the judgment, open the default and permit the defendants to answer. On the first hearing this motion was not disposed of but was postponed until the coming in of the referee's report. The hearing upon the return of the referee's report, was but a continuation of the same motion, and we are of the opinion that the court did not have power to allow two motion costs.

The order of the Special Term should be modified by deducting therefrom ten dollars costs; and the appellants should have ten days after the entry of this order in which to comply with the conditions of that order, and the order, as so modified, should be affirmed.

SMITH, P. J., and BRADLEY, J., concurred.

Order modified by deducting therefrom ten dollars costs, and the appellants are given ten days after the entry of this order, in which to comply with the conditions of the order; and the order, as so modified, is affirmed without costs of this appeal to either party.