Pitshke, J.
Judgment was duly entered herein on December 16, 1887, on defendant’s default to answer. The plaintiff’s attorney, before entry of the judgment, served the defendant with a notice of the lien of said attorney (for $75.25 and his legal costs and disbursements) upon the cause of action herein specially forbidding payment thereof otherwise than to said lienor or on his order. Notwithstanding this notice, the parties-plaintiff and defendant, thereafter compromised and settled the cause of action herein for a sum certain; and thereupon the plaintiff accordingly delivered his certificate of the satisfaction of said judgment, which was filed by the latter, and the judgment satisfied of record, on December 30, 1887.
About January 9, 1888, defendant was notified that the amount of the claim and Hen of the plaintiff’s attorney, in the action, was actuaHy $64.61, as agreed on between him and plaintiff.
The said order for defendant’s examination, now sought to be vacated, was made February 23, 1888, on said attorney’s affidavit that at least $64.61 oi said judgment remained due and unpaid.
*755 There can be no dispute that an attorney has a lien upon a judgment recovered by him in favor of his client. To the extent now indicated by statute (Code Civil Pro., § 66) the attorney is an “equitable assignee,” and the judgment itself is notice of the lien, and this lien cannot be discharged by payment to anyone but the attorney. The judgment debtor pays to the party at his peril. Marshall v. Meech, 51 N. Y., 143.
The attorney’s Hen, for his whole compensation, attaches ■itself to the “cause of action” from the very commencement of the action, and also to the proceeds on any verdict, decision or judgment, in whosoever hands they may come; and no settlement between the “parties,” whether after or before judgment, can affect this. Estate of Hoyt, 12 Civ. Pro. R., 215; Veeder v. Baker, 83 N. Y., 160.
The record itself is now sufficient notice of the attorney’s lien, without anything further. Lewis v. Day, 10 Weekly Dig., 49; Wright v Fleming, id., 450. The attorney’s notice given herein was, hence, superfluous, except as a statement, limiting the extreme extent of the application of the lien and discharging the residue of plaintiff’s claim.
Where the parties settle the case and satisfy the judgment without participation or consent of the plaintiff’s attorney (or of defendant’s attorney on a counter-claim), it is without effect as to him, and he becomes entitled to apply for an order setting aside the satisfaction and directing a reference to ascertain the amount of his lien (if undetermined), and also allowing execution to issue on the judgment to the extent of the attorney’s entire claim. Lewis v. Day; Marshall v. Meech, supra.
The attorney has the control of all the proceedings in the cause, until the perfecting of judgment. And the attorney being now himself ‘ ‘ legally interested ” by statute (Code Civ. Pro., § 66) in such judgment when perfected, liis said “control” continues the same over such judgment, as far as requisite to produce the amount of his lien out of the judgment by his instituting, pro tanto, the usual collection proceeding thereon, viz., “execution” and “supplementary proceedings,” until his (such attorney’s) rights in the cause of action which the judgment represents are satisfied thereby, or by direct payment.
The order herein for the defendant’s examination in supplementary proceedings is, therefore, an appropriate measure on the judgment in the attorney’s own interest, and should be sustained and continued.
The motion to vacate the same is denied, with ten dollars costs to the plaintiff’s attorney. Said attorney 'may also apply for a vacation of the satisfaction of judgment entered, so far as interfering with his rights.