WILLSON & ADAMS CO. OF MOUNT VERNON v. SCHORPP *et al.*

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

REFERENCE—AMENDMENT OF REPORT.

A referee's report of sale in foreclosure, which erroneously shows a surplus in his hands, may be amended so as to show the true facts, by permission of the court,

on an application to compel the payment of such apparent surplus, notwithstanding rule 30, which provides that such a report shall become absolute unless, within eight days after notice of filing, exceptions thereto are filed.

Appeal from special term, Westchester county.

Action by the Willson & Adams Company of Mt. Vernon, N. Y., against Henry A. Schorpp, Lucia S. Schorpp, and others to foreclose a mechanic's lien. Judgment for foreclosure and sale was rendered, and a referee was appointed to sell. The referee's report of sale showed a surplus remaining after payment of the judgment and costs. Defendants Schorpp moved that the referee be required to deposit said surplus with the county treasurer, which was denied; and a motion by the referee to be allowed to file a corrected report was granted on terms, and such report was filed, and exceptions thereto were overruled on hearing. From the order denying their motion to compel the deposit of the surplus moneys, and from the order overruling the exceptions to the corrected report of sale, defendants Schorpp appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Milo J. White*, for appellants. *Frank N. Glover*, for respondent.

BARNARD, P. J. The plaintiff obtained a judgment for the sale of certain real property in the village of Mt. Vernon, to satisfy a lien which it had filed upon the property. A referee was appointed to sell the right, title, and interest of the defendants therein. The referee was required by the terms of the judgment to pay expenses of sale, also taxes and assessments which were liens, and then to pay the plaintiff's judgment. Any surplus was to be paid by the referee to the treasurer of Westchester county. The bid at the sale was $4,000, and all incumbrances were to be deducted. There were mortgages to nearly that sum, but the bidder advanced enough to pay the lien, judgment, and costs, and they were paid. The referee deducted that amount from the amount of the incumbrances, and reported the part of the mortgage as reduced by the advance made by the bidder as surplus. There was no surplus, and the reduction of the mortgage was irregular and unauthorized, and is probably to be explained by the fact that the bidder subsequently gave the defendants $50 for a deed of the property, subject to the mortgages, and allowing the advance made to pay the plaintiff's lien. The defendants applied to compel the referee to pay in the surplus apparently in his possession under his report, and the county judge permitted an amended report to give the true facts. More than eight days had expired from the filing of this report. The rule which made the report absolute in eight days did not deprive the county judge of the power to cancel the report for good cause. It would be unjust to use the rule so as to compel a referee to pay over a large sum of money which he never received. Order affirmed, with costs. All concur.