## WARD v. WARD.

(Superior Court of New York City, Special Term.   October, 1892.)

1. REFERENCE—REPORT.

> In an action by a wife against her husband for a separation, an order of reference directing the referee "to determine whether any, and, if so, what, alimony and counsel fee ought to be awarded" to plaintiff, and "to report the facts found and his opinion thereon," is merely to aid the conscience of the court, the sole power of the referee being to take testimony on the subject, and report it to the court, with his opinion thereon; and therefore defendant is not entitled to a report in his favor, because, after all of plaintiff's testimony has been given, and part of his, he has taken plaintiff's default on her failure to appear at an adjourned day of the reference.

2. SAME.

> Nor in such case does a report in plaintiff's favor stand confirmed for failure of defendant to file exceptions within eight days after notice of the filing of the report, under rule 30 of the general rules of practice, providing that in such an event the report shall become absolute, and stand confirmed in references other than for the trial of the issues in an action, since the rule does not apply to references made for the purpose of aiding the conscience of the court in determining questions pending before it.

3. HUSBAND AND WIFE—ACTION FOR SEPARATION—ALIMONY.

> In an action by a wife against her husband for a separation, defendant should not be relieved from the payment of alimony and counsel fees pendente lite, on the ground of his inability to pay the same, unless he shows such inability by convincing proof.

Action by Mary J. Ward against Martin J. Ward for separation and maintenance. The cause, on motion for an allowance of counsel fees and alimony pendente lite, was referred under an order directing the referee "to determine whether any, and, if so, what, alimony and counsel fee ought to be awarded to the plaintiff," and "to report the facts found and his opinion thereon." The referee made his report, and plaintiff moves to confirm the same.

Sydney Harris, for plaintiff.

Hart & Price, (George H. Hart, of counsel,) for defendant.

GILDERSLEEVE, J.   This is a motion to confirm a referee's report. The referee was ordered to determine whether any, and, if any, what, alimony and counsel fee ought to be awarded to the plaintiff herein, and to report the facts found and his opinion thereon. After all of the plaintiff's testimony and a part of defendant's evidence had been given, defendant took plaintiff's default on plaintiff's failure to appear on an adjourned day of the reference, and, on defendant's motion, the referee declared the proceedings ended. The referee then proceeded to make his

report, in pursuance of the directions contained in the order appointing him, giving the facts found, i. e. the testimony taken, together with his opinion thereon. His report is in favor of the plaintiff. The testimony was closed at the defendant's own request; but the learned counsel for the defendant contends that, inasmuch as defendant took plaintiff's default, the report should have been in defendant's favor. This contention cannot be sustained. The reference was not for the trial of the issues in an action, but merely for the purpose of aiding the conscience of the court in determining the question of alimony and counsel fee pending before it on motion. The sole power of the referee was to take testimony on the subject, and report it to the court, with his opinion thereon. This he has done. Nor, on the other hand, is the plaintiff's contention well taken that, inasmuch as defendant has not filed his exceptions to the report within eight days after service of notice of the filing of the report, the same stands in all respects confirmed, under rule 30 of the general rules of practice, even though it were defective on its face. Catlin v. Catlin, 2 Hun, 378. Rule 30 provides that—

"In references, other than for the trial of the issues in an action, or for computing the amount due in foreclosure cases, * * * the report of the referee shall be filed with the testimony; * * * and the said report shall become absolute, and stand as in all things confirmed, unless exceptions thereto are filed and served within eight days after service of notice of the filing of the same. If exceptions are filed and served within such time, the same may be brought to a hearing at any special term thereafter, on the notice of any party interested therein."

This rule, however, does not deprive the court of the power to cancel the report for good cause, (Willson & Adams Co. v. Schorpp, [Sup.] 16 N. Y. Supp. 823;) nor does it take away from the court its discretionary power of modifying the report, inasmuch as the sole purpose of the reference was to aid the court in arriving at a just disposition of the question of alimony and counsel fee. This question was pending on motion before the court, and the reference was ordered to aid the court in determining this question. The evidence was returned with the report of the referee. This report is in no wise binding upon the court, for it has the power to disregard it, and draw its own conclusions from the evidence. Marshall v. Much, 51 N. Y. 140. Yet, under the provisions of rule 30, this report, having been filed with the clerk, and no exceptions having been filed before the expiration of eight days after service of the notice of filing, would stand confirmed; but this would not determine the motion, for it would still be pending before the court, and the court would not be bound by the report. It therefore seems that the rule has no application to references made for the purpose of aiding the conscience of the court in determining questions pending before it. Martin v. Hodges, 45 Hun, 38.

It is not necessary that the exceptions should be filed in order to afford the adverse party an opportunity to review the same; for an opportunity is given to review the same when the evidence and report are brought before the special term, and again by an appeal from an order made by the special term thereon. Martin v. Hodges, supra. The power of the court to allow exceptions to be filed after the prescribed time has expired is not questioned, (Spitz v. Toucey, 47 Hun, 639, mem;

Gallagher v. Railway Co., [Sup.] 6 N. Y. Supp. 581;) but the defendant has not asked for such leave, nor do I deem it necessary that they should be filed.

The question before the court is, does the evidence sustain the conclusions of the referee? After hearing a reargument of this motion, and examining the questions presented with much care, I find no good reason for making any change in the decision heretofore rendered. While the evidence on the question of defendant's ability to pay counsel fee and alimony is not entirely convincing, it seems to support the conclusion reached. Future developments may require a modification of this decision, but I think the record now before me calls for the action taken. The learned counsel for the defendant has opposed with great ability and much good law the confirmation of the referee's report, and insists that the evidence shows the defendant to be wholly unable to pay any counsel fee or alimony. I am unable to agree with his contention. The defendant should be relieved from the obligation which this decision imposes upon him only when he shows by convincing and entirely satisfactory proof his inability to pay. An early trial can be had, and, should the plaintiff succeed, alimony can be adjusted in accordance with the new testimony. As the evidence now stands, I feel bound to adhere to the modification of the referee's report as already directed. Fifty dollars per month is allowed as alimony, and $250 as counsel fee. The costs and disbursements must be taxed by the clerk. The order to be entered hereon may be settled on one day's notice.