FREDERIC A. WARD, Assignee, etc., Appellant, *v.* JAMES B. CRAIG et al., Respondents.

Where a judgment entered upon the report of a referee is reversed by the General Term, and the order of reversal does not certify that it was

founded upon error of fact, it is to be assumed on appeal to this court that the reversal was for some error of law.

The respondent, however, is entitled to sustain the reversal by showing any error of law which is fatal to the judgment, whether made the reason of the action of the General Term, or wholly unnoticed by it.

A general objection to all the findings of a referee, and to each and every one of them is insufficient to raise any specific question here, and is practically of no avail.

Upon settlement of a case by a referee, certain exceptions were taken by defendant to findings, also to his refusals to find as requested. The plaintiff did not object before the referee that he had no authority to pass upon the requests, or move to strike them from the case, and made no objection to them until argument here, when it was objected that they came too late. *Held,* that plaintiff must be deemed to have waived the benefit of the rule established by the Code of Civil Procedure (§ 1023).

Defendants, who were attorneys, were employed by W. & K. to obtain a remission of a forfeiture of certain property by the United States government. Plaintiff, as assignee of W. & K., for the benefit of creditors, after the assignment retained defendants, and the proceedings were thereafter continued and successfully prosecuted under such retainer, in the name of the assignor. In an action brought to recover the amount received by defendant, it appeared, and the referee in substance found, that prior to the assignment there were pending, in addition to the proceedings for forfeiture, a criminal proceeding against W. & K., at the suit of the United States government; also a civil action for unpaid custom dues, and after the assignment two other suits were brought against them upon warehouse bonds, in all of which cases defendants appeared as attorneys. The violation of customs for which the three other civil actions were brought were included in the petition for remission, in order that all might be disposed of in those proceedings. It was proved, without contradiction, that defendants' services in all the proceedings were worth about the net sum received by them. This, however, the referee refused to find, and allowed defendants simply for their services and expenses in the forfeiture proceedings. *Held* error; that assuming the forfeiture left in W. & K. a contingent right to so much of the proceeds of the property as the government should see fit to return, which right passed to plaintiff, also that the action of defendants in obtaining the remission was of a professional character, not simply as agents, defendants were entitled to a lien upon the money remitted for the value of all the services rendered.

Defendants' answer did not set up a technical counter-claim, but alleged the performance of the services, their value and the right of defendants to retain therefor the whole sum realized from the government. *Held* sufficient.

(Argued December 13, 1881 ; decided January 24, 1882.)

APPEAL from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, made April 5, 1880, which reversed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought by plaintiff as assignee, for the benefit of creditors of the firm of Wellington & Kidder, to recover money alleged to have been collected and received from the United States government by defendants, as attorneys for said firm and for plaintiff.

The facts found were substantially as follows:  .

On December 11, 1875, a libel of information (*in rem*), against certain distilled spirits, at No. 74 Broad street, in the city of New York, was filed in the United States District Court for the southern district of New York, praying the court to issue due process to enforce the forfeiture. The defendants herein appeared in said proceedings in behalf of Wellington & Kidder, the owners, under a retainer by them, and filed all the necessary proceedings and papers to claim and defend the spirits proceeded against by said information. The spirits were thereupon seized and taken possession of by the marshal. A petition to the secretary of the treasury, praying that the secretary would remit the penalties and forfeiture incurred, was presented to the district judge of the United States court and by him referred to a commissioner, on or before April 16, 1876 ; in said petition the forfeiture of the said spirits was admitted by the petitioners. A decree enforcing the forfeiture of the said spirits and condemning the same to the use of the United States, was entered in the United States District Court, and afterward the property was, pursuant to said decree, sold by the marshal, and the net sum of $6,628.48 paid into the registry of the court.

Plaintiff, as assignee, retained the defendant to continue the proceedings for remission. In the said proceedings, after a hearing and decision in the United States District Court, a warrant of remission was obtained from the secretary of the treasury of the United States, bearing date April 18, 1878, returning the value of the property condemned as afore-

said, upon the payment of all costs, etc. The clerk of the said United States District Court paid to defendant the aforesaid sum of $6,628.47, and after deducting the costs, etc., so directed to be paid, there remained in the hands of the defendants the sum of $4,223.84; defendants retained out of said balance the sum of $2,223.83, as compensation for their services and for disbursements, which amount was just and reasonable for all services rendered by them. Defendants, without authority or knowledge of plaintiff, employed one Mr. Flagg, an attorney at law, to watch over and take charge of the said case for the remission of forfeiture before the secretary of the treasury at Washington, and agreed to pay him, in case said forfeiture was remitted, the sum of $2,000, which sum they paid. The defendant Craig died pending the trial.

Defendant Webster filed a general exception " to the ruling or conclusions of law contained in the referee's report * * * * * and to each and every thereof." Upon settlement of the case defendant presented certain requests to find, some of which were found as requested; one, which was refused, is set forth in the opinion where other facts are also stated.

*Sidney S. Harris* for appellant. The general exception of the defendants to the referee's findings raised no question for determination by this court. (33 N. Y. 83; *Graham* v. *Crystal*, 1 Abb. [N. S.] 124; affirmed, 2 Abb. Ct. App. Dec.; *Billings* v. *Wheeler*, 38 N. Y. 263.) The defendants were properly held liable to account for $2,000. They had no authority to employ other counsel without the knowledge or consent of plaintiff, and could not bind him for the payment of counsel fees. (*Matter of Bleakley*, 5 Paige, 311; *Cook* v. *Ritter*, 4 E. D. Smith, 253; *Paddock* v. *Colby*, 18 Vt. 485; *Scott* v. *Hoxie*, 13 id. 50; *Voorhies* v. *Harrison*, 22 La. Ann. 85; *Hitchcock* v. *McGhee*, 7 Port. 556; *Johnson* v. *Cunningham*, 1 Ala. 249; *King* v. *Pope*, 28 id. 601; *Smith* v. *Lipscomb*, 13 Tex. 537; Weeks on Attorneys, 420; *Mostyn* v. *Mostyn*, *ex parte Barry*, L. R., 5 Ch. 457.) The position of defendants that they can deny the title of their client to such moneys

is untenable. (*Marvin* v. *Ellwood*, 11 Paige, 365, 376; *Forgerty* v. *Jordan*, 2 Robt. 319; *Lund* v. *Seaman's Bank*, 37 Barb. 129; *Hancock* v. *Gomez*, 58 id. 490; *Ross* v. *Curtis*, 31 N. Y. 609; *Merritt* v. *Millard*, Bos. 309; affirmed, 3 Abb. Ct. App. Dec. 291; Wharton on Agency, § 250; *Farmer* v. *Russell*, 1 B. & P. 296; *Tenant* v. *Elliott*, id. 3; *Bensfield* v. *Wilson*, 16 M. & W. 185; *Nicholson* v. *Gooch*, 5 E. & B. 999; *Johnson* v. *Lansley*, 12 C. B. 468; *Murray* v. *Vanderbilt*, 39 Barb. 140, 152, 153; Story on Agency, § 217; *Kieran* v. *Sanders*, 6 Ad. & El. 515; *Nicholson* v. *Knowles*, 5 Md. 47.) The title to the property did not vest absolutely in the government until judgment of condemnation, which was after the execution of the assignment. (*Tracy* v. *Corse*, 58 N. Y. 169; 1 Abb. U. S. Pr. 626, 627 · *The Ann*, 9 Cranch, 289; *The Sarah*, 8 Wheat. 391 · *Reick* v. *Ware*, 4 Cranch, 347; *U. S.* v. *The Polly and Nancy*, 1 Am. L. J. 483; *U. S.* v. *The Morgan Yates*, 22 Vt. 663.) Wellington & Kidder had an interest in the property at the time of the assignment, which passed to the plaintiff. (*U. S.* v. *Morris*, 10 Wheat. 746; Conkling's Treatise, 729; 1 R. S. 720, § 35; *Lawrence* v. *Bayard*, 7 Paige, 70; *Emmons* v. *Cairns*, 3 Barb. 245; Burrill on Assignments, 72, 73; *Bigelow* v. *Wilson*, 1 Pick. 485, 493; *Mitchell* v. *Winslow*, 2 Story, 630, 639; *Iveson* v. *Gassiot*, 27 Eng. L. & Eq. 483; *Gardner* v. *Hoey*, 18 Pick. 168; *Moore* v. *Little*, 41 ·N. Y. 84, 86; *Field* v. *The Mayor*, 2 Seld. 179.) If the decree relates back it would only affect the title of plaintiff to the property condemned, as between himself and the government, and would not affect plaintiff's title as between himself and Wellington & Kidder. (*Johnson* v. *Davenport*, 20 Johns. 550; 4 id. 230; 3 Caines, 262; 12 Johns. 140; 1 Johns. Ch. 297, 298; 1 Johns. Cas. 81, 90; 2 Johns. 510; *Pierce* v. *Hull*, 41 Barb. 146; *U. S.* v. *Caldwell*, 8 How. [U. S.] 366, 381; *Couch* v. *Delaplaine*, 2 Comst. 397; *U. S.* v. *Hunter*, 5 Mason, 62; *Griffin* v. *Macauly*, 7 Gratt. 476; Burrill on Assignments, 70; *Union Mfg. Co.* v. *Lounsbury*, 41 N. Y. 368, 374; *Goodman* v. *Niblock*, 12 Otto, 556.) The proceedings before the district judge were judicial. (Conk-

ling's Treatise, 735; *The Margaretta*, 2 Gall. 415.) No demand was necessary. (Weeks on Attorneys, 515; *Walradt v.
Maynard*, 3 Barb. 504.)

*Charles M. Da Costa and C. A. Seward* for respondents. As
the order appealed from does not in its body state that the
judgment was reversed upon a question of fact, this court must
presume that the reversal proceeded solely upon questions of
law. (Code of Civil Procedure, § 1338; *Van Tassel v.
Wood*, 76 N. Y. 614.) Upon an appeal to this court·from an
order granting a new trial, the appellant takes the risk not
only of the questions considered by the court below, but of
every other exception appearing on the record. (*Mackay v.
Lewis*, 73 N. Y. 382; *Krekeler v. Thaule*, id. 628.) A
finding of fact, without any evidence to sustain it, is a ruling
upon a question of law, to which an exception may be taken.
(Code of Civil Procedure, §§ 992, 993.) Defendants have a
lawful title, right and privilege, under the laws and authority
of the United States, to retain the.moneys remitted ·by the
secretary of the treasury, as against all claims thereto·by the
plaintiff as assignee of Wellington & Kidder. (*The Brig
Ann*, 9 Cranch, 289; *Josefa Segunda*, 10 Wheat. 312; *U. S.*
v. 64 *Barrels*, 3 Cliff. 314; *Hintermeister v. First Nat. Bk.*,
64 N. Y. 214; *U. S.* v. 1960 *Bags of Coffee*, 8 Cranch, 398;
*U. S.* v. *Morris*, 10 Wheat. 291; *Gelston v. Hoyt*, 3·id. 311;
*Caldwell* v. *U. S.*, 8 How. 381; Conkling's Treatise, 490; *U.
S.* v. *Grundy*, 3 Cranch, 353; *Henderson's Distilled Spirits*,
14 Wall. 56; *Mary Celeste*, 2 Lowell, 354; *U. S.* v. 800
*Caddies*, 2 Bond, 305; *U. S.* v. *Stevenson*, 3 Benedict, 119;
*U. S.* v. 56 *Barrels*, 1 Abb. [U. S.] 93; *U. S.* v. *Bark Reindeer*, 2 Cliff. 57; *The Distilled Spirits*, 2 Benedict, 486;
*Oakland Co.* v. *Oakland*, 45 Cal. 365; *Thornton v. Phœnix
Ins. Co.*, 11 Johns. 300; *Kennedy v. Strong*, 14 id. 129;
*Wilkins v. Despard*, 5 T. R. 112; *Robert v. Witherhead*,
12 Mod. 92.) The remission by the secretary of the treasury
was not a reinvestment in Wellington & Kidder of their
original title in the forfeited spirits. (*Connor v. Bent*, 1

Mo. 169; 10 opinions of Attorneys-General, 1; *Emerson* v. *Hall*, 13 Peters, 409; *Ex parte Garland*, 4 Wall. 380; *Osborn* v. *U. S.*, 91 U. S. 474; *The Palo Alto*, 2 Ware, 347; Davies 355.) The $4,223.84 did not pass by assignment to the plaintiff as assignee. (*Butler* v. *Thompson*, 4 Abb. N. C. 290.) The assistance rendered by the defendants in the procurement of the remission by the secretary of the treasury was not rendered by them as attorneys or counselors, employing those words in their professional sense, and, therefore, their conduct is not to be judged by the law regulating the duties of attorneys and counselors. (1 U. S. Stat. at Large, 506; 2 id. 352; 3 id. 244; *U. S.* v. *Lathrop*, 17 Johns. 4.) If the employment of the defendant was professional, then the law presumes that the clients authorized the employment of Flagg. (*Nichols* v. *Wilson*, 11 Mees. & W. 106; *Foster* v. *Wiley*, 27 Mich. 244; *Gray* v. *Gray*, 2 Rolla, 63; *Clark* v. *Randall*, 9 Wis. 135; *Pierce* v. *Strickland*, 2 Story, 292; *White* v. *Hildreth*, 13 N. H. 108; *Butler* v. *Knight*, 2 Eng. L. R. Exch. 109; *Thompson* v. *Cartright*, 33 Beav. 178; *Bouroot* v. *Savage*, 2 Eng. L. & Eq. 134.) The defendants had an attorney's lien upon the fund which came to their hands, for their entire compensation in all the matters. Such lien protects the moneys in their hands from the claims of the assignee until the lien is discharged. (*Shefflin* v. *Hawkins*, 14 Abb. Pr. 112; *Van Housen* v. *Radcliffe*, 17 N. Y. 580; *Harris* v. *Pratt*, id. 249; *Reed* v. *Sands*, 37 Barb. 185; *Bowling Green Sav. Bk.* v. *Todd*, 52 N. Y. 489; *Omerod* v. *Tate*, 1 East, 464; *Power* v. *Kent*, 1 Cow. 172; *Martin* v. *Hawes*, 15 Johns. 405; *Haynes* v. *Cooper*, 33 Beav. 431; *Ex parte Jabet*, 6 Jur. [N. S.] 387; *Love* v. *Hall*, 3 Yerger, 408; *Ackerman* v. *Ackerman*, 14 Abb. Pr. 226; *In re Bowen*, 20 Wend. 395; *In re Paige*, 32 Beav. 487; *Walker* v. *Am. Nat. Bk.*, 49 N. Y. 659; *Rice* v. *Williams*, Shepley, 588; *Briggs* v. *Georgia*, 10 Vt. 68; *Blake* v. *City of Elizabeth*, N. J. L. J., Nov. 1879.) Defendants could not be made liable for the $2,000 without a previous demand and a refusal to pay. (*Pierse* v. *Thornton*, 44 Ind. 235; *Taylor* v. *Bates*, 5 Cow. 376; *Ex parte*

*Ferguson*, 6 id. 596 ; *Satterlee* v. *Frazer*, 2 Sandf. 141 ; *Walradt* v. *Maynard*, 3 Barb. 584 ; *People* v. *Brotherson*, 36 id. 664 ; *Rathbun* v. *Ingalls*, 7 Wend. 320 ; *Cummings* v. *McLean*, 2 Ark. 402 ; *Mardin* v. *Shackleford*, 4 Ala. 493 ; *Black* v. *Hersch*, 18 Ind. 342 ; *Krause* v. *Torrance*, 10 Penn. St. 462 ; *Glen* v. *Cuttle*, 2 Grant's Cas. 273 ; *Bank*. v. *Combs*, 7 Penn. St. 543.)

FINCH, J. A judgment in favor of the plaintiff, entered upon the report of a referee, was reversed by the General Term. We must assume that the reversal was for some error of law, since the order does not certify it to have been founded upon error of fact. On the appeal to this court, the respondent is entitled to sustain the reversal by showing any error of law which is fatal to the judgment, whether made the reason of the action of the General Term, or wholly unnoticed by that tribunal. The respondent, however, labors under grave difficulties of a technical character, which are pressed upon our attention by his adversary.

No exception whatever was taken upon the trial, and that which was taken to the report of the referee is a general exception to all his findings, and each and every of them, which we have many times held is insufficient to raise any specific question, and practically of no avail. (*Newell* v. *Doty*, 33 N. Y. 83 ; *Wheeler* v. *Billings*, 38 id. 263.) There remain only the exceptions taken to the findings and refusals to find made upon the settlement of the case ; and to these the further objection is interposed that they came too late and are, therefore, unavailable. (Code, § 1023.) So far as the case discloses, that question is raised on this appeal for the first time. We find the exceptions in the case, and without apparent objection, until the argument here is reached. The plaintiff did not object before the referee that he had no authority to pass upon the requests, nor make a motion to strike them from the case as improperly there. He permitted them to remain unchanged, and withholding the objection until the final argument before us. We think he must

be deemed to have waived the benefit of the rule established by the Code, and lost the right to the objection by his concurrence in the practice adopted. Upon these latter exceptions, therefore, alone can be based any legal error which will justify the reversal.

We may assume, without so deciding, that the forfeiture of the property of Wellington & Kidder by the action of the government, and the confession of its propriety and right contained in their petition to the secretary of the treasury, left still in the original owners a contingent right to so much of the proceeds of the property sold as the government should see fit to return, and that such right passed to the plaintiff by the general assignment of Kidder & Wellington to him. The question was very thoroughly and ably argued, and would not be free from difficulty if it was necessarily involved in our conclusion. We think it is not, and, therefore, assume for the purposes of the discussion the ground taken by the appellant. We assume, also, the further contention of the appellant, and which is in accordance with the findings of the referee, that the action of the defendant and his deceased partner was not that of mere agents, but of a professional character, and founded upon the relation of attorney and client. It is determined by the referee that the proceedings for a remission, commenced in the name of the assignors and so continued to the end, were, nevertheless, after the date of the assignment, continued and prosecuted to the close, under a retainer from the assignee; that at the successful termination of the proceedings there was paid to the defendants acting under such retainer, the sum of $6,628.47, subject, however, to the payment therefrom of all costs of the government and its claim upon a certain warehouse bond against Wellington & Kidder, which liabilities aggregated $1,701.64, and were required to be paid as a condition of the remitted forfeiture; that these sums were paid and the actual net proceeds received by the attorneys, and belonging to the assignee was the sum of $4,223.84. Out of this sum the referee allowed to Webster & Craig $2,223.84 for their reasonable

services and expenses, but refused to allow them the remaining sum of $2,000, which they paid out to an agent or assistant at Washington, and which they claimed a right to retain.

Two other facts were distinctly proved, and stand in the evidence without contradiction. One of these was, that prior to the assignment, there were pending against Wellington & Kidder, in addition to the proceedings for forfeiture, a criminal proceeding at the suit of the government, in which members of the firm were arrested and held to bail; and a civil action to recover $10,000 for unpaid custom duties; and that after the assignment, two other suits were brought against the assignors by the United States upon warehouse bonds. So that in all there were five cases pending, in each of which Webster & Craig appeared as attorneys and acted in behalf of the parties assailed. These facts are substantially found by the referee, though he does not state the order or precise dates of the suits commenced. The second fact distinctly proved was, that the services rendered professionally by Webster & Craig in all these proceedings taken together were worth five thousand dollars, or, at least, between four thousand and five thousand dollars. This fact was proved by the testimony of United States Commissioner Osborn, who was familiar with the whole transaction, and whose estimate of the value of the services rendered stands wholly unassailed and unimpeached. This fact the referee refused to find upon request, to which refusal an exception was taken. The refusal, as stated in the case, must have been upon the ground that the fact so clearly proved was immaterial, and, therefore, a finding upon it was unnecessary. It is impossible to construe it otherwise in the light of the facts established.

We are of opinion that the fact proved was material, and if it had been found, would have made it the duty of the referee to have rendered a decision in favor of the defendants instead of against them. If there had been no assignment by Wellington & Kidder, it is very certain that their attorneys, upon the receipt of the money remitted by the government, would have had a lien upon it for the value of all the services rendered.

That was held by this court in *Bowling Green Savings Bank* v. *Todd* (52 N. Y. 489), where it was said that the lien existed upon the papers in a particular foreclosure suit, not only for the costs and charges in that suit, but for any general balance in other professional business; and it was added that the lien attached to the money received and collected, and was a rule not peculiar to attorneys but applied to an ordinary factor. The lien, too, is not confined to services rendered in a suit but extends to others outside of a regular litigation. (*In re Knapp*, 85 N. Y. 284.) As against Wellington & Kidder, in the absence of any assignment by them, it must be granted that the attorneys had a lien upon the fund restored by the government to the full amount of their just and reasonable charges. We do not see how that lien was modified or lost by the general assignment to plaintiff. The latter could only take subject to the equitable right of the attorneys to be paid for their services out of the proceeds of the litigation. The moment that assignment was made, the plaintiff, in his capacity of trustee over the assigned property, became interested in all the litigations. His interest in the proceedings for remission is strongly insisted upon by him. The three actions brought to recover for the violation of the customs were likely to affect the assigned estate at least in respect to the remission proceedings, which could only succeed upon the theory that the assignors were innocent in their violation of the law of any intentional wrong. They were purposely included in the petition for remission, in order that all might be disposed of by that proceeding. The assignee recognized this situation of affairs and his duty in the premises, by adding his retainer to that of the assignors, and so preserved the authority of the attorneys unbroken. The assignee took subject to their equitable right at the date of the assignment, and for the subsequent services as against him a further lien arose when the money was actually collected. It has been held that the attorney's lien for his costs on a fund recovered by his exertions cannot be affected by an assignment to another. (*Haymes* v. *Cooper*, 33 Beav. 431.) Much clearer must that rule be where the assignee adds

his retainer and practically takes the place and assumes the obligation of the assignor. It seems impossible to avoid the conclusion that Webster & Craig had a lien upon the fund which came into their hands for the full amount of their reasonable charges. If the referee had found the fact, as he was requested and was bound to do from the uncontradicted evidence, that such reasonable charges were, at least, four thousand dollars, it would have entitled the defendants to have retained the whole or nearly the whole of the fund in their hands, and made the judgment recovered impossible. While it is true that no technical counter-claim for these services is set up in the answer, it is also true that the pleading alleges their performance and value, and the right of the defendants to retain for their payment the whole sum realized from the government. Whether the payment to Flagg was rightful or not becomes in this view of the case immaterial. It was paid by defendants out of their own money. Necessarily, the attorney's lien in this case was measured by the value of his services. That would have been true as the law now stands, even had the case been one of a judgment collected, in which costs were awarded to the party. (*Rooney* v. *Second Ave. R. R.*, 18 N. Y. 368; *In re Knapp, supra; Ackerman* v. *Ackerman*, 14 Abb. Pr. 229.)

The General Term, therefore, were justified in their action; and their order should be affirmed and judgment absolute against the plaintiff on his stipulation awarded in favor of the defendants, with costs.

All concur.

Order affirmed and judgment accordingly.