# NEW YORK SUPERIOR COURT.

BARKER PLACE, executor, &c., agt. JEDEDIAH K. HAYWARD.

*Attorney's lien on costs — Code of Civil Procedure, section 779.*

An attorney has a lien on motion costs ordered in favor of his client, and as equitable assignee thereof, which lien attaches the instant the costs are due.

Where an order was made at special term, on motion of counsel for defendant, "that an allowance of $500 is granted to the defendant against the plaintiff, as executor, together with the costs of this action, costs and allowance not to be paid by plaintiff personally"; and on defendant's motion this order was reconsidered and reaffirmed and this decision was sustained by the general term, the defendant appealing to the court of appeals who dismissed the defendant's appeal, with $116.02 costs to the plaintiff.

*Held*, that the costs allowed to this plaintiff are motion costs and cannot be offset against any costs in the action due by the plaintiff to the defend-

ant. That the plaintiff cannot pay the defendant out of money which legally belongs to the plaintiff's attorney, and that these costs are collectable from the defendant under section 779 of the Code of Civil Procedure.

*Special Term, December,* 1885.

*Charles F. Wells,* for plaintiff.

*Josiah Fletcher,* for defendant.

O'GORMAN, J.—At the special term of this court an order was made on April 16, 1884, on motion of counsel for defendant, "that an allowance of $500 is granted to the defendant against the plaintiff, as executor, together with the costs of this action, costs and allowance not to be paid by plaintiff personally."

On defendant's motion this order was reconsidered and reaffirmed, and this decision was sustained by the general term.

The defendant appealed to the court of appeals, who, on November 2, 1885, dismissed the defendant's appeal, with $116.02 costs to the plaintiff.

Defendant now moves for leave to amend the judgment in his favor for said allowance and costs so that the amount thereof be reduced by offsetting against it *pro tanto* the $116.02 costs of appeal allowed to the plaintiff.

The plaintiff's counsel, on the other hand, contends that these costs of appeal are the property of the attorney for the plaintiff, and are not subject to any offset in favor of the plaintiff himself. In support of this proposition he cites (*Tunstall* agt. *Winton,* 31 *Hun,* 220 [*December,* 1883, *affirmed by Court of Appeals,* 92 *N. Y.,* 646] ; *Marshall* agt. *Meech,* 51 *N. Y.,* 143 ; *Naylor* agt. *Lane,* 50 *Super. Ct. R.,* 97 ; *Re Knapp,* 85 *N. Y.,* 298 ; *Ward* agt. *Craig,* 87 *N. Y.,* 559 ; *Lachemeyer* agt. *Lachemeyer,* 17 *Week. Dig.,* 310).

The defendant relies on (*Garner* agt. *Gladwin,* 12 *Week. Dig.,* 9 [*Supreme Court, General Term, March,* 1881] ; *Hoyt* agt. *Godfrey,* 5 *Civ. Pro. R.,* 118 [*Common Pleas Court, General Term, November,* 1882] ; *Catlin* agt. *Adirondack Co.,* 22 *Hun,* 496).

I have examined these deci·ions and in my opinion the weight of authority favors the conclusion that the attorney has a lien on motion costs ordered in favor of his client, and as equitable assignee thereof, which lien attaches the instant the costs are due. That the costs in this case are motion costs. That they cannot be offset against any costs in the action due by the plaintiff to the defendant. That the plaintiff cannot pay the defendant out of money which legally belongs to the plaintiff's attorney. And that these costs are collectible from the defendant under section 779 of the Code of Civil Procedure.

The defendant's motion is, therefore, denied, with ten dollars costs.