GEORGE E. GOODRICH, as ADMINISTRATOR, ETC., OF MILO GOODRICH, DECEASED, RESPONDENT, *v.* MARTHA McDONALD, APPELLANT, IMPLEADED WITH JENNIE L. GRAVES AND ANOTHER.

*Lien of an attorney on the proceeds of a judgment collected by his client — Code of Civil Procedure, sec. 66 — when not waived by allowing the proceeds to be paid to the client — when the lien can be enforced against one taking an assignment of a mortgage in which the proceeds were invested.*

One Goodrich, the plaintiff's intestate, as attorney for the defendant Graves, administratrix of her deceased husband, recovered a judgment in 1877 for some $12,000, which was after the death of Goodrich collected by another attorney, the amount thereof being paid to the defendant Graves, with the written consent of the plaintiff, who stated that as sole administrator of his father's estate he was willing to look to Mrs. Graves alone for the share of the judgment coming to the estate.

Mrs. Graves and her husband's estate being insolvent at the time the action was commenced, it was understood that the receipt of any payment for the services to be rendered by her attorney was to be dependent on the success of the action, and as part of such agreement the defendant McDonald agreed to advance money to cover the expenses of the litigation and to support Mrs.

Graves and her children in consideration of which she was to have half of any recovery.

The defendant McDonald having performed this agreement, a mortgage for $6,000, in which a portion of the proceeds received by Mrs. Graves upon the collection of the judgment had been invested, was transferred to her, all the remainder of the proceeds of the collection having been paid out and expended for various purposes.

The plaintiff, after having recovered a judgment against the defendant Graves, establishing a lien in his favor for the services so rendered by the deceased, and ordering the payment thereof, and discovering that the $6,000 mortgage, which was the only part of the proceeds that could be found or identified, had been assigned to the defendant McDonald, brought this action to procure a judgment declaring himself entitled to a lien thereon and providing for its enforcement.

*Held,* that prior to the payment of the amount of the judgment to Mrs. Graves the plaintiff had, under section 66 of the Code of Civil Procedure, a valid lien upon the judgment and its proceeds.

That this lien was not waived or lost by the permission to receive the proceeds thereof upon their collection, given by him to Mrs. Graves.

That as Mrs. Graves held the bond and mortgage in which these proceeds were invested, subject to the plaintiff's lien, Mrs. McDonald took them subject thereto for three reasons, viz.:

(1) That she parted with no new consideration.

(2) That she took them with full notice of the plaintiff's equities; and

(3) That she took them, as the court found, in bad faith with intent to hinder, delay and defraud the plaintiff out of his debt and lien.

That a judgment in favor of the plaintiff should be affirmed. (FOLLETT, J., concurs in result.)

APPEAL from a judgment and decree of this court, rendered upon a trial had at the Cortland Special Term held on May 19, 1885.

The object of the action was to recover for the services of Milo Goodrich, as attorney in an action commenced and conducted by him for one Jennie L. Graves, and from which she has since his death recovered about $12,000. It is an equity action brought to declare and enforce an attorney's lien upon a bond and mortgage for the payment of about $6,000, now held by defendant McDonald, which is conceded to be a part of the $12,000 recovered for Mrs. Graves through the efforts of said Milo Goodrich. The judgment of the Special Term appealed from declares the lien and provides for its enforcement, and the defendant McDonald appeals therefrom.

*W. B. French,* for the appellant.

*H. V. Howland,* for the respondent.

BOARDMAN, J. :

Milo Goodrich, plaintiff's testator, as an attorney for the defendant Jennie L. Graves, administratrix of her deceased husband, recovered a judgment in 1877 for some $12,000, and afterwards and before the same was collected died. Mr. Kernan thereafter attended to the case for Mrs. Graves and in 1882 the proceeds of said judgment, including Milo Goodrich's costs and counsel fees, were paid to Mrs. Graves. In the meantime plaintiff had been duly appointed the administrator of Milo Goodrich. On being informed by Mr. Kernan that the money was ready to be paid upon a proper discharge of the judgment, he wrote to Mrs. Graves January 18, 1882, among other things as follows : " I am willing to allow you to receive the money and discharge the judgment and   *   *   * my father's estate will look to you alone for the amount coming to us." On the same day he wrote to Mr. Kernan as follows : " While my father's estate is interested in the judgment, I am willing to look to Mrs. Graves alone for the share of the judgment coming to us, and she may, therefore, discharge the judgment and receive all of the proceeds, after settling with you, so far as the claims of our estate are concerned. I am sole administrator of my father's estate and as such consent that the judgment be discharged upon payment to Mrs. Graves." In pursuance of such authority the money was paid to Mrs. Graves and the judgment satisfied by her.

The most difficult as well as the most important question for our consideration is presented by these facts, viz. : Had the estate of Milo Goodrich a lien or interest by way of equitable assignment to the extent of the value of his services upon the proceeds of such judgment, before the same were paid to Mrs. Graves, and if so was such lien waived or interest released by plaintiff's acts and declarations so as to preclude him from following the funds in the hands of Mrs. Graves ?

That the plaintiff had a valid lien upon the judgment and its proceeds before payment of the same to Mrs. Graves cannot be doubted. Section 66 of the Code of Civil Procedure must set that at rest. By that section the attorney had a lien upon Mrs. Graves' cause of action which attached to the judgment in her favor " and the proceeds thereof in whosoever hands they may come " for the value of his services, and such lien cannot be affected by any settle-

ment between the parties before or after judgment. (*Marshall* v. *Meech*, 51 N. Y., 143.) The learned counsel for the appellant contends that no lien can exist without possession. We think he has overlooked the distinction between a general lien resting upon possession and giving the right to retain until the attorney's whole bill is paid, and the lien upon a judgment recovered by him or its proceeds, for the value of his services and expenses in recovering such judgment. The latter form of lien does not rest on possession and can be actively enforced. The former cannot exist without possession, and the lien is not confined to a specific claim or debt. The distinction and authorities are quite fully discussed by BROWN, J. (*In re Wilson*, 26 Alb. Law Jour., 271 ; S. C., 2 McCarty C. P. R., 151 ; Code of Civil Pro., § 66.) In the present case the lien is not general and does not depend upon possession, but is specific upon the judgment or its proceeds to the extent of the value of the services of Milo Goodrich in the litigation. Was such lien waived by plaintiff's letters to Mrs. Graves and Mr. Kernan under which the money was paid ? That depends upon a proper construction of the language used in said letters. There is no express waiver. If any is found it must be inferred or spelled out of the words used. There must be something indicating an intention to release the lien. Nothing of the kind exists. The evident purpose was to allow the judgment to be satisfied by Mrs. Graves, and for that purpose allow her to receive the proceeds from the defendants. Without such action the defendants could not safely pay over the money to her and doubtless would not have paid. Plaintiff preferred to have the proceeds in Mrs. Graves' hands, but beyond such transfer no intent was shown to change his relations to the fund. He simply consents to the discharge of the judgment upon its payment. He calls attention to his father's interest in the judgment and consents to hold Mrs. Graves for the claim of his father's estate. The interest and claim so referred to was an attorney's lien upon the proceeds of the judgment in "whosesoever hands they may come." The estate was the equitable assignee and owner of that portion of the proceeds due for costs. The payment to Mrs. Graves only changed the possession. It did not extinguish plaintiff's ownership nor the lien. She took with full knowledge, and no reason is apparent why under the facts a court of equity should hold that she of all persons should

take such moneys released from plaintiff's lien and title. It would be the height of injustice to so hold. The court at Special Term has found that the payment did not constitute a waiver or release of the lien, and we think such finding is just and true.

If we are so far right Mrs. Graves took such moneys subject to plaintiff's rights under his lien and as equitable assignee. In her hands equity would seize upon and compel the payment to plaintiff of the claim for services of Milo Goodrich. An action was brought against her to enforce the lien and compel payment of the debt as ascertained and judgment establishing the lien and ordering the payment was entered against her. As against Mrs. Graves such judgment is conclusive and the rights of plaintiff to equitable relief are adjudged. It turns out, however, upon examination of Mrs. Graves, that she had bought the Crane mortgage, now sought to be charged, for $6,000, and that the remainder of the proceeds of the collection had been paid out and expended for various purposes, so that at that time this $6,000 Crane mortgage constituted the only part of the proceeds which could be identified or found. Even this mortgage had been assigned to defendant McDonald by Mrs. Graves before judgment recovered against her. So that the plaintiff could obtain no relief under his judgment against Mrs. Graves. He then brought this action against Mrs. Graves, Mrs. McDonald and Crane to establish his lien and procure payment of his claim out of the amount secured by the mortgage. Judgment was recovered in his favor, and Mrs. McDonald appeals.

When Milo Goodrich undertook Mrs. Graves' case it was understood that payment for his services must be dependent on his success, since Mrs. Graves and her husband's estate were both insolvent. As a part of such original agreement Mrs. McDonald undertook to advance the necessary money to cover the expenses of the litigation, and in consideration thereof she was to have one-half of the recovery. The support of Mrs. Graves and her children by Mrs. McDonald was also alleged as a further consideration. Mrs. McDonald did furnish some money towards the expenses and did support her daughter and children. About the 1st of May, 1882, the Crane bond and mortgage were assigned by Mrs. Graves, as administratrix, to Mrs. McDonald as and for her one-half of the recovery. It is

apparent that Mrs. McDonald took the same with full knowledge of plaintiff's rights and the court so finds. It is also found that she took such assignment in bad faith with intent to hinder, delay and defraud the plaintiff out of his debt and lien.

Mrs. McDonald's objections to the judgment are:

(1) That plaintiff never had any lien on the proceeds.

(2) That he waived his lien when he consented that they might be paid to Mrs. Graves.

(3) That she is the owner by a valid assignment of the bond and mortgage under the agreement above stated and for a valid consideration, and that in equity she is entitled to priority over the plaintiff's claim.

(4) That plaintiff's judgment against Mrs. Graves did not reach or bind this bond and mortgage, it having been assigned prior to such judgment.

(5) That appellant had no notice of plaintiff's claim when she took the assignment.

(6) That the action should have been against Mrs. Graves as administratrix, she having received and invested the money and made the assignment as administratrix of her husband.

The first and second objections have already been considered and decided adversely to the appellant.

The third, fourth and fifth may be considered together.

Mrs. Graves held such bond and mortgage subject to plaintiff's equity. When she assigned them to Mrs. McDonald, the latter took them subject to plaintiff's equities, because she then parted with no new consideration, and for the further reason that she took them with full notice of such equities (*Weaver* v. *Barden*, 49 N. Y., 286), and in bad faith as the court has found. The judgment against Mrs. Graves may not be binding upon Mrs. McDonald because she was not a party to the action. But if the plaintiff's claim was a lien upon the bond and mortgage in Mrs. Graves' hands, it continued to be after the assignment to Mrs. McDonald. She was a party to the original arrangement, by which Milo Goodrich undertook the litigation. She was to make certain advances and to have half of the recovery. She was a party in interest in that litigation and might, under the agreement, have properly been made a co-plaintiff as half owner of the claim to be prosecuted.

As such she would have become entitled to one-half of the amount collected after payment of the costs and expenses. But she has taken in this more than one-half and holds it charged in her hands with plaintiff's equitable claim.

She and Mrs. Graves stand on the same plane. She is charged with the same knowledge possessed by Mrs. Graves and has no equities superior to those of plaintiff. (31 Alb. Law Jour., 304, 305.) Especially is this so if she took this mortgage with intent to defraud plaintiff. In such case the fraud would avoid the assignment. In our opinion the lien of plaintiff attached to the money and mortgage in Mrs. Graves' hands, and was not lost by the tranfers to Mrs. McDonald. (*Ward* v. *Craig*, 87 N. Y., 560.)

The plaintiff seeks to charge property in the hands of Mrs. Graves by reason of the lien upon it, and by her transferred to appellant. It is not an action for money only. Mrs. Graves' *possession* of the property sought to be reached is the reason why she is made the party. The claim is not against her husband's estate, nor against her as its representative. As equitable assignee of so much money, or such a proportion of this mortgage, the plaintiff makes his claim against the persons in possession of such property for his share. That share does not belong to the estate of Graves but to plaintiff, and his remedy is to reach the property to satisfy his claim. (*In re Knapp*, 85 N. Y., 297.) Besides an action against Mrs. Graves personally upon a contract made by her after her husband's death was proper. She alone incurred the obligation. (*Austin* v. *Munro*, 47 N. Y., 360.) Again, the assignment was a personal transaction, because it was not made in payment of any debt due from the estate. It was mainly to pay for the support of herself and her children. (*Le Baron* v. *Long Island Bank*, 53 How., 286.) And the lien may be enforced in such case against the avails of the property in lieu of the property or money itself. (*Hale* v. *Omaha Nat. Bank*, 49 N. Y., 627; 3 Rom. Eg. Jus., § 1280.)

The inherent justice of plaintiff's claim requires us to sustain it if consistent with the rules of law. After a careful examination we are convinced of the justness and truth of the various findings of fact, and that the conclusions of law founded thereon are well sustained upon principle and authority.

We think the judgment should be affirmed, with costs against the appellant.

HARDIN, P. J., concurred; FOLLETT, J., concurred in the result.

Judgment affirmed, with costs against appellant.