JOHN A. THOMPSON, Respondent, *v.* ROWLAND W. HAZARD *et al* Appellants.

*Court of Appeals, April* 15, 1890.

Affirming, 42 Hun, 655, Mem.

1. *Appeal. Exception.*—An exception to "the findings of fact and conclusions of law of the referee," is too general to raise any question for review in the court of appeals.

2. *Same.*—Where there is no evidence tending to sustain the findings of fact made by a referee, it becomes a ruling upon a question of law

within the meaning of section 992 of the Code; but, in order to raise a question for review in the court of appeals, an exception thereto must be taken. In the absence of such exception, this court must presume that the findings are sustained by the evidence.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee.

*William H. Newman*, for appellants.

*A. J. Parker, Jr.*, for respondent.

HAIGHT, J.—The only questions relied upon by the appellant for the reversal of the judgment herein arise upon the exceptions taken by him to the report of the referee, and they are as follows: " The defendant hereby excepts to the findings of fact and to the conclusions of law of the referee herein."

It has been repeatedly held that these exceptions are too general to raise any question for review in this court. Ward *v.* Craig, 87 N. Y. 550-57; Newell *v.* Doty, 33 Id. 83; Wheeler *v.* Billings, 38 Id. 263.

If there was no evidence tending to sustain the findings of fact made by the referee, it became a ruling upon a question of law within the meaning of § 992 of the Code of Civil Procedure, and in order to raise a question for review in this court, an exception thereto must be taken. Code of Civil Procedure, §§ 993 and 994.

In the absence of any such exception, this court must presume that the findings were sustained by the evidence Patterson *v.* Robinson, 116 N. Y. 199; 26 N. Y. State Rep. 685.

For these reasons the judgment should be affirmed, with costs.

All concur.